TRUSTEES OF the RETIREMENT FUND OF the FUR MANUFACTURING INDUSTRY, Plaintiffs,

v.

LAZAR–WISOTZKY, INC., and Burton Simon, Defendants.

TRUSTEES OF the RETIREMENT FUND OF the FUR MANUFACTURING INDUSTRY, Plaintiffs,

v.

SCHNEIDER & COHEN, INC., Sol Cohen and Esther Cohen, Defendants.

TRUSTEES OF the RETIREMENT FUND OF the FUR MANUFACTURING INDUSTRY, Plaintiffs,

v.

EXELBERT FUR CORP., Harry Exelbert, and Jerome Exelbert, Defendants.

TRUSTEES OF the RETIREMENT FUND OF the FUR MANUFACTURING INDUSTRY, Plaintiffs,

v.

FANTASIA FURS, INC., Mac Ware, and Nathan Prince, Defendants.

TRUSTEES OF the RETIREMENT FUND OF the FUR MANUFACTURING INDUSTRY, Plaintiffs,

v.

FUREVER FURS, INC., Leonard Brazin, and Sam Haber, Defendants.

TRUSTEES OF the RETIREMENT FUND OF the FUR MANUFACTURING INDUSTRY, Plaintiffs,

v.

JERRY SORBARA, INC., Bernard Merson, Theodore Kahn, and Jerry Sorbara, Defendants.

TRUSTEES OF the RETIREMENT FUND OF the FUR MANUFACTUR-ING INDUSTRY, Plaintiffs,

v.

KAHN BROS. & Pinto, Inc., Leonard Kahn, and Richard Pinto, Defendants.

82 Civ 0880 (LBS) and 82 Civ 1363 (LBS)–82 Civ 1368 (LBS).

United States District Court, S.D. New York.

Aug. 23, 1982.

Cammer & Shapiro, P.C., Ralph Shapiro, Robert Cammer, New York City, for plaintiffs.

Zelby & Burstein, Herbert Burstein, Steven P. Germansky, New York City, for Lazar-Wisotzky, Inc. and Burton Simon.

Martin Fries, Bayside, N.Y., for Kahn Bros. and Schneider & Cohen.

## OPINION

SAND, District Judge.

These actions were brought by the Trustees of the Retirement Fund of the Fur Manufacturing Industry ("plaintiffs") to recover withdrawal liability allegedly owed by the defendant employers pursuant to the Employee Retirement Income Security Act ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA", collectively called "the Act").

The defendants in No. 82 Civ. 1368, Lazar-Wisotzky, Inc. and Burton Simon, have moved for summary judgment and to dismiss the complaint for failure to state a claim upon which relief can be granted, primarily on the ground that the provisions of the Act establishing withdrawal liability are unconstitutional. The defendants in No. 82 Civ. 1366 have joined in this motion, and the attorney for the defendants in Nos. 82 Civ. 1368 and 82 Civ. 1363 has informed the Court that he wishes this matter to be taken on submission as to his clients. The defendant Simon further moves to dismiss on the ground that the Act does not contemplate the personal liability of individuals. The plaintiffs have moved to compel the defendants immediately to pay them the amount allegedly due under the Act plus interest, or to pay that amount into an escrow fund pending the outcome of this litigation, or to post a bond in that amount.

■ The defendants contend that the provisions of the MPPAA which establish employer liability upon a complete or partial withdrawal from a multiemployer plan are unconstitutional because:

1) they deprive the defendants of their property without a prior hearing in violation of the fifth amendment;

2) by requiring submission of disputes to arbitration, they deprive the defendants of their seventh amendment right to trial by jury;

3) by depriving the defendants of their property without compensation, they effect a "taking" of the defendants' property without due process of law;

4) they violate the due process clause because:

   a) they impair the pre-existing provisions of trust agreements;

   b) they impair pre-existing collective bargaining agreements;

   c) they serve no overriding legitimate public purpose; and

   d) they impose liabilities upon employers in multiemployer plans that are arbitrarily more onerous than those imposed on single employer plans.

These asserted challenges to the Act's constitutionality have been rejected by all of the courts which have addressed them. *Peick v. Pension Benefit Guaranty Corp.,* 539 F.Supp. 1025 (N.D.Ill.1982); *Ells v. Construction Laborers Pension Trust,* 3 EBC 1449 (C.D.Cal. May 10, 1982); *Republic Industries v. Central Pennsylvania Teamsters Pension Fund,* 534 F.Supp. 1340 (E.D.Pa. 1982). These carefully considered opinions have rejected each of the challenges here raised by the defendants, and the Court agrees with their analyses. Therefore, for the reasons discussed in *Peick, Ells,* and *Republic Industries,* we reject the defendants' motion to dismiss on the constitutional grounds enumerated above.

■ The defendants further assert that a number of employers contributed unequally to the Fund but that their employees received equal benefits, and that contributions were made on behalf of persons who were not employees of the contributing employers. *See* Burstein Affidavit of July 30, 1982. These contentions are irrelevant to the motions presently before the Court. Allegations of disparity or other improprieties in the contractual basis for contributions to the Fund do not absolve an employer of its statutory duties under the Act, but rather, may afford it a cause of action against the Trustees. The issue of whether the alleged misconduct affects the proper computation of an employer's withdrawal liability is one properly subject to resolution

by an arbitrator, pursuant to the terms of the Act.

■ One defendant, Burton Simon, has moved for dismissal of the complaint against him on the ground that, under the Act, there is no basis for personal liability. It is the plaintiff's theory, however, that Simon's liability derives not from the terms of the Act, but from the collective bargaining agreement pursuant to which he and the corporate defendant contributed to the Fund. In light of this contention of an independent ground of liability, the defendant Simon's motion to dismiss is denied.

Unlike the allegations of the Act's unconstitutionality, the question of whether the Court should decide these cases as a matter of summary judgment is to be based on considerations unique to each of the related cases before the Court. The papers submitted by the defendants Lazar-Wisotzky, Inc. and Burton Simon seek a ruling that they are entitled to summary judgment, while the plaintiffs assert in an affidavit that such relief should be granted in their favor. Shapiro Reply Affirmation of June 29, 1982 at ¶ 6. In light of the fact that no party has submitted a statement of material facts as to which there is no genuine issue to be tried, as required by S.D.N.Y. Civil Rule 3(g), and since it is unclear which, if any, of the defendants in the other related cases have joined in seeking summary judgment relief, the Court will not now decide this issue. This decision is without prejudice to the right of the parties in any of these related cases to put this issue once again before the Court by formal motion and by the filing of all required papers.

■ We turn next to the plaintiff's motion for an order requiring the defendants to pay them the amount allegedly owed pursuant to the statute plus interest, or to pay that amount into an escrow fund to abide the outcome of this litigation, or to post a bond in that amount. The parties agree that the Act imposes strict statutory liability upon employers who discontinue contributions to a multiemployer plan and that it, in effect, creates an account stated in the amount the withdrawing employer

has been notified it must pay as calculated by the plan's actuary. 29 U.S.C. §§ 1399(c)(2), 1401(b)(1). The statute clearly provides that a dispute over liability may not suspend the obligation to pay, but that such payment is due "notwithstanding any request for review or appeal of determinations of the amount of such liability or of the schedule." 29 U.S.C. § 1399(c)(2).

The statute further permits an acceleration of the outstanding amount of an employer's withdrawal liability in the event of a default. 29 U.S.C. § 1399(c)(5).

In light of the Court's rejection of the defendant's constitutional challenges to the Act and the extremely strong interest in keeping fund payments current which permeates the statutory scheme, the plaintiffs' motions are granted. Congress has made as explicit as possible its overwhelming concern with ensuring the integrity of multiemployer pension plans in the face of employer withdrawal. The Court will not permit the defendants to subvert this policy by using the judicial process as a means of further delaying or avoiding payment of sums which, under the statute, are already due and owing.

The statute's immediate payment requirement, the Court recognizes, may result in substantial hardship to an employer, particularly in cases where there is a significant bona fide dispute as to the amount of liability. It is clear from the statutory scheme, however, that Congress considered and intended to impose this requirement, and it is perhaps to partially counterbalance such harsh applications of the legislation that Congress provided for the possibility of an employer's seeking swift review by an arbitrator. See 29 U.S.C. § 1401.

The defendants are to be required immediately to deposit with the plaintiffs the amounts plus interest, that the Fund's actuary has determined to be their withdrawal liabilities. This ruling is without prejudice to any further defenses the defendants may assert in the course of this litigation. Of course, should the defendants prevail in these actions, they may ultimately be enti-

tled to restitution of all, or a part of, these sums.

Submit order on notice.