SOVA OUTERWEAR CORP., Plaintiff,

v.

The TRUSTEES OF the AMALGAMAT-
ED COTTON GARMENT AND AL-
LIED INDUSTRIES FUND, Defendant.

No. 82 Civ. 7297 (KTD).

United States District Court,
S.D. New York.

Jan. 11, 1984.

Kieffer & Hahn, New York City, for
plaintiff; Michael C. Devine, New York
City, of counsel.

Mark Schwartz, New York City, for de-
fendant.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District
Judge:

Plaintiff Sova Outerwear Corporation
("Sova") moves for summary judgment
against the defendant Trustees of the
Amalgamated Cotton Garment and Allied
Industries Fund ("the Fund") declaring the
Multiemployer Pension Plan Amendments
Act of 1980, 29 U.S.C. § 1381 *et seq.*
("MPPAA") unconstitutional. Defendant
has cross moved for summary judgment on
its counterclaim for the amount of Sova's
withdrawal liability stemming from its
withdrawal from the Fund. For the rea-
sons that follow plaintiff's motion for sum-
mary judgment is denied and defendant's
motion is granted.

Plaintiff argues that MPPAA is unconsti-
tutional because it is not rationally related
to the objectives Congress sought to reme-
dy. The Employee Retirement Income Se-
curity Act of 1974, 29 U.S.C. § 1001 *et seq.*
("ERISA") as originally enacted in 1974
permitted an employer to withdraw from a
multiemployer pension plan without incur-
ring any liability for underfunded benefits
unless the entire plan terminated with in-
sufficient assets within five year's of the
employer's withdrawal.

This withdrawal method, however, ac-
cording to a PBGC report, operated to en-
courage withdrawals with the employer
hoping that the plan would survive for at
least five more years. The employer thus
would be absolved from liability for under-
funded benefits. The snowballing effect—
with employers expediently attempting to
withdraw from financially-troubled plans
and the concomitant increasing likelihood
of a plan default—was a principal ERISA
defect Congress sought to remedy by the
MPPAA. *See* H.R. No. 96–869, Part I,
96th Cong., 2d Sess., 54–55, *reprinted in*
[1980] U.S.Code Cong. & Ad.News 2918,
2922–23.

The MPPAA amended ERISA to impose
immediate liability upon the employer at
the time of its withdrawal from a multiem-
ployer pension plan. An employer thus is
required to make a payment for its propor-
tionate share of the unfunded vested bene-
fit liability. *See* 29 U.S.C. § 1381. The
plan trustees reciprocally are required to
calculate and collect this liability. *Id.*

§ 1382. If disputes arise between an employer and the trustees over an assessment, they must initially be resolved through arbitration. *Id.* § 1401.

In the instant case, the Fund's trustees calculated Sova's liability under the Act and notified plaintiff of a schedule of payments to be followed. Rather than arbitrate the amount assessed, plaintiff brought this action to declare the MPPAA unconstitutional.

Sova argues that MPPAA as applied to it and on its face violates the due process clause because it abrogates the existing contract with the union (the collective bargaining agreement) with the union, which provided that Sova was not liable for more than its actual contributions; because it operates retroactively in taking plaintiff's property, and because the method of calculating benefits is a "taking" and deprives Sova of its property without due process of law. In addition, Sova asserts that MPPAA's provision for trial without a jury violates the Seventh Amendment. The complaint also alleges various breaches of fiduciary duty by defendant trustees which are not before me on the instant motions.

In response, defendant argues that MPPAA is constitutional and it asserts a counterclaim against Sova for the full amount of the underfunded vested liability it has calculated as due.

Every court that has passed on the question has held that MPPAA is constitutional as prospectively applied—which is clearly the case here. *See, e.g., Trustees of the Retirement Fund v. Lazar-Wisotzky, Inc.,* 550 F.Supp. 35, 36 (S.D.N.Y.1982); *Textile Workers Pension Fund v. Standard Dye & Finishing Co.,* 549 F.Supp. 404 (S.D.N.Y.1982); *Peick v. Pension Benefit Guaranty Corp.,* 539 F.Supp. 1025 (N.D.Ill. 1982). *See also Shelter Framing Corp. v. Carpenters Pension Trust,* 705 F.2d 1502 (9th Cir.1983); *Republic Industries, Inc. v. Teamsters Council 83 Pension Fund,* 3 E.B.C. 2545 (E.D.Va.1982), *aff'd,* 718 F.2d 628 (4th Cir.1983); *Pacific Iron & Metal Co. v. Western Conference of Teamsters Pension Trust Fund,* 553 F.Supp. 523 (W.D.Wash.1982); *Coronet Dodge, Inc. v. Speckmann,* 553 F.Supp. 518 (E.D.Mo. 1982); *R.A. Gray and Co. v. Oregon Washington Carpenters Pension Trust,* 549 F.Supp. 531 (C.D.Or.1982); *S & M Paving Co. v. Construction Laborers Pension Trust,* 539 F.Supp. 867 (C.D.Cal.1982). These opinions have carefully considered the constitutional questions raised by MPPAA—especially Judge Getzendanner's exhaustive opinion in *Peick*—and have rejected the challenges raised here. Because I agree with these courts' analyses plaintiff's motion for summary judgment on the ground that MPPAA is unconstitutional is denied. To the extent that the underfunded liability may have been created in whole or in part by defendant Trustees' alleged misconduct, Sova may assert such an action against the Trustees. There is nothing, however, irrational about a statutory framework that separates the breach of fiduciary duty and withdrawal liability claims. Sova, thus, is liable for the amount of its statutory withdrawal liability.

Furthermore, because Sova has not objected to the amount of the assessment, or requested arbitration within the prescribed period, *see* 29 U.S.C. § 1399(b)(2)(A) (within 90 days of trustees' demand), the amount of liability becomes fixed. *Compare id. with* 29 U.S.C. § 1401(a)(1) (arbitration may be initiated by employer within 120 days of its notice to trustees of a dispute). Moreover, in the event of a default on a payment, the trustees are entitled to "require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest...." 29 U.S.C. § 1399(c)(5). Default is the failure to make payment or to cure the failure to make payment within 60 days of notification to the employer of such failure. *Id.* § 1399(c)(5)(A).

The Fund notified Sova of its failure to make the July 1, 1983 payment on July 6, 1983. Sova did not make subsequent payment and has not requested arbitration. Accordingly, Sova is liable for the full $65,-249.48 plus interest, and defendant's motion for summary judgment on its counter-

**1128**

claim is granted. Plaintiff's motion for summary judgment is denied. Defendant is directed to settle judgment on five (5) days notice within ten (10) days of this order.

SO ORDERED.