777 F.2d 1371
 54 USLW 2444, 6 Employee Benefits Ca 2816
 LADS TRUCKING COMPANY, Plaintiff/Appellant,
v.
BOARD OF TRUSTEES OF the WESTERN CONFERENCE OF TEAMSTERS
PENSION TRUST FUND, Defendant/Appellee.
BOARD OF TRUSTEES OF the WESTERN CONFERENCE OF TEAMSTERS
PENSION TRUST FUND, Plaintiff-Appellee,
v.
LADS TRUCKING CO., Defendant-Appellant.
 Nos. 84-6617, 84-6618.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 9, 1985.
Decided Dec. 5, 1985.
 
 Marvin Gelfand, Gelfand & Rivers, Los Angeles, Cal., for plaintiff/appellant.
 Kevin M. Fong, Pillsbury, Madison & Sutro, San Francisco, Cal., for defendant/appellee.
 Appeal from the United States District Court for the Central District of California.
 Before DUNIWAY, TANG and BOOCHEVER, Circuit Judges.
 TANG, Circuit Judge:
 
 
 1
 Lads Trucking ("Lads") appeals the district court's award of attorneys' fees to appellee Board of Trustees of the Western Conference of Teamsters Pension Trust Fund ("Trust") and the denial of Lads' petition for attorneys' fees. We affirm.
 
 FACTS
 
 2
 These appeals arise from two related proceedings concerning Lads' failure to pay Trust the amounts due as employer withdrawal liability under the Employee Retirement Income Security Act ("ERISA"), as amended by the Multi-employer Pension Plan Amendments Act ("MPPAA"). Until 1981, Lads was a participating employer in the Western Conference of Teamsters Pension Trust Plan ("Plan"). As such, it was obligated to make contributions to the Trust on behalf of its employees. In the spring of 1981, Lads ceased making pension contributions to the Trust. Under ERISA's provisions for employer liability following withdrawal from multiemployer plans, 29 U.S.C. Sec. 1381, et seq. (1982), each employer who withdraws must promptly pay its proportionate share of the plan's unfunded vested benefit liability--the difference between the actuarial present value of pension liabilities to vested participants and the plan's assets. 29 U.S.C. Sec. 1393(c).
 
 
 3
 Trust sent Lads a notice and demand for payment of employer liability, including a determination of the amount of liability ($283,907.81) and a schedule for payment over 51 months. Lads requested Trust to review its determination of liability and, thereafter, initiated arbitration proceedings in accordance with 29 U.S.C. Sec. 1401(a). Although under ERISA, 29 U.S.C. Secs. 1399(c)(2), 1401(d), an employer is required to make payments within 60 days of the pension plan's demand notwithstanding the pendency of arbitration, Lads did not make its first payment when due on February 11, 1983, nor did Lads make any of its subsequent payments as they became due.
 
 
 4
 Appellee Trust filed a collection action (84-6618) against Lads in the Northern District of California on January 3, 1984 to enforce the statutory requirement that Lads pay its assessed liability pending the final arbitration decision. In the original complaint and first amended complaint, Trust alleged a substantial likelihood that Lads would be unable to pay its withdrawal liability, which, the Trust believed, would entitle the Trust to accelerate payments under 29 U.S.C. Sec. 1399(c)(5). In its second amended complaint, Trust added to its claim for relief a claim for past-due payments only.
 
 
 5
 Lads moved to transfer venue to the Central District of California under 28 U.S.C. Sec. 1404(a) on the ground that the central district would be more convenient for appellant Lads' witnesses. The district court granted the motion to transfer venue.
 
 
 6
 Lads responded with a second action (84-6617) on January 12, 1984 in the Central District of California seeking to enjoin the arbitration from going forward, allegedly because the arbitration would duplicate litigation then pending between Trust and Lads in the California Superior Court concerning unpaid contributions. On the day of the arbitration Lads applied for a temporary restraining order, which the district court denied. The arbitration between Lads and Trust then went forward.
 
 
 7
 On May 18, 1984, the arbitrator issued his decision upholding Trust's claim that appellant owed a withdrawal liability of $294,423, plus interest and costs. The arbitrator denied Trust's request to accelerate payments but directed that Lads pay interest for the missed payments in light of Lads' refusal to make payments during the pendency of arbitration as required by sections 1399(c)(2) and 1401(d). The arbitrator directed that each side bear its own attorneys' fees for the arbitration proceeding.
 
 
 8
 On June 4, 1984, Trust filed a counterclaim in the injunction action (84-6617 had remained pending after the denial of Lads' application of a temporary restraining order) seeking to enforce the arbitrator's decision against Lads pursuant to 29 U.S.C. Sec. 1401(b)(2), and asking attorneys' fees in connection with the action. The motion went unopposed (except as to attorneys' fees), and on June 29, 1984, the district court affirmed the arbitrator's decision, ordered it enforced, and dismissed Lads' claim for relief in the injunction action. The district court dismissed the collection action (84-6618) as moot in light of its order enforcing the arbitration decision.
 
 
 9
 The district court awarded Trust $15,835.25 in attorneys' fees. This amount represented fees incurred in both the injunction action and the collection action. The district court did not include fees incurred by Trust in opposing Lads' application for a temporary restraining order nor did it include any part of the fees incurred in arbitration. The district court denied appellant Lads' request for attorneys' fees. Lads appeals from both decisions: the award of fees to Trust and the denial of its request for fees.
 
 STANDARD OF REVIEW
 
 10
 We review questions of fact under the deferential, clearly erroneous standard, and questions of law under the non-deferential, de novo standard. United States v. McConney, 728 F.2d 1195, 1200-01 (9th Cir.1984). Mixed questions of law and fact in which the applicable legal standard provides for a strict factual test subjects the lower court to clearly erroneous review. Id. at 1203. Thus, we review the district court's interpretation of ERISA regarding the award of mandatory attorneys' fees, being fact specific, using the clearly erroneous standard. The district court's denial of discretionary attorneys' fees is reviewed under the abuse of discretion standard. Operating Engineers Pension Trust v. Beck Eng. & Surveying, 746 F.2d 557, 569 (9th Cir.1984); Operating Engineers Pension Trust v. Gilliam, 737 F.2d 1501, 1506 (9th Cir.1984).
 
 DISCUSSION
 DELINQUENT CONTRIBUTIONS
 
 11
 Under ERISA, the award of attorneys' fees to a pension plan is mandatory in all actions to collect delinquent contributions. 29 U.S.C. Sec. 1132(g)(2); Operating Engineers Pension Trust v. Beck Eng. & Surveying, 746 F.2d 557, 569 (9th Cir.1984); Operating Engineers Pension Trust v. Reed, 726 F.2d 513, 514 (9th Cir.1984); Kemmis v. McGoldrick, 706 F.2d 993, 997-998 (9th Cir.1983); San Pedro Fishermen's Welfare v. Di Bernardo, 664 F.2d 1344, 1346 (9th Cir.1982).[1] This mandatory attorneys' fees provision applies in all actions to collect delinquent contributions owed under Sec. 1145, including actions to collect unpaid employer withdrawal liabilities.[2]
 
 
 12
 Lads argues that this case does not involve its failure to make withdrawal liability payments, or, in the alternative, that a collection action brought prior to the arbitrator's decision is not treated by the statutory scheme in the same manner as an action to collect a delinquent contribution. The crux of Lads' argument that this case does not involve its failure to make withdrawal liability payments is that Trust did not specifically plead as a claim for relief the missed prior payments, owed as employer withdrawal liability, until the second amended complaint. (Trust filed the second amended complaint shortly before the arbitrator released his findings.) Before its second amended complaint, Trust only asked for an acceleration of payments. Since mandatory attorneys' fees are premised on actions to compel employers to make delinquent withdrawal liability payments, Lads argues, attorneys' fees are not mandated, because Trust's "collection" action was an attempt only to accelerate payments.
 
 
 13
 The difficulty with Lads' argument is that Trust properly did amend its complaint. But even if it had not, a claim for acceleration makes no sense unless it is made in the context of a collection action for delinquent payments. The apposite language in ERISA, 29 U.S.C. Sec. 1399(c)(5), states that
 
 
 14
 In the event of a default, a plan sponsor may require immediate payment of the outstanding amount of an employer's withdrawal liability.... For purposes of this section, the term "default" means--
 
 
 15
 (A) the failure of an employer to make, when due, any payment under this section, if the failure is not cured within 60 days after the employer receives written notification from the plan sponsor of such failure, and
 
 
 16
 (B) any other event defined in rules adopted by the plan which indicates a substantial likelihood that an employer will be unable to pay its withdrawal liability.
 
 
 17
 Although Trust's original complaint may have been inartfully drafted, the complaint most surely involved Lads' failure to make withdrawal liability payments. Fees are mandatory in a collection action where there has been "any failure of the employer to make any withdrawal liability payments within the time prescribed." 29 U.S.C. Sec. 1451(b).
 
 
 18
 Lads' second contention is that a collection action brought before the arbitrator's decision is not treated by ERISA as an action to collect a delinquent contribution. This interpretation is incorrect.
 
 
 19
 Under ERISA, an employer must make payments within 60 days of the pension plan's demand, regardless of the pendency of arbitration. 29 U.S.C. Sec. 1399(c)(2). Furthermore,
 
 
 20
 [p]ayments shall be made by an employer in accordance with the determinations made under this part until the arbitrator issues a final decision with respect to the determination submitted for arbitration, with any necessary adjustments in subsequent payments for overpayments or underpayments arising out of the decision of the arbitrator with respect to the determination. If the employer fails to make timely payment in accordance with such final decision, the employer shall be treated as being delinquent in the making of a contribution required under the plan (within the meaning of section 1145 of this section).
 
 
 21
 29 U.S.C. Sec. 1401(d).
 
 
 22
 We have enforced the requirement of payment during arbitration. Board of Trustees v. Thompson Bldg. Materials, Inc., 749 F.2d 1396 (9th Cir.1984), cert. denied, --- U.S. ----, 105 S.Ct. 2116, 85 L.Ed.2d 481 (1985). See also Textile Workers Pension v. Standard Dye & Finishing, 725 F.2d 843 (2d Cir.), cert. denied, --- U.S. ----, 104 S.Ct. 3554, 82 L.Ed.2d 856 (1984); Trustees of Retirement Fund v. Lazar-Wisotzky (550 F.Supp. 35, 38 (S.D.N.Y.1982), aff'd, 738 F.2d 419 (2d Cir.1984); Combs v. Manor Mines, Inc., --- F.Supp. ----, 5 EBC 1475 (D.D.C.1984). 29 U.S.C. Sec. 1451(d) allows a pension plan to bring an action for collection of withdrawal liability "in the district where the plan is administered ...", and when, as here, the plan is administered in more than one district, venue is proper in any such district. Sprinzen v. Supreme Court of State of New Jersey, 478 F.Supp. 722, 723 (S.D.N.Y.1979); Boyer v. J.A. Majors Co. Emp. Profit Sharing Plan, 481 F.Supp. 454, 458 (N.D.Ga.1979).
 
 
 23
 Lads finds significance in the fact that Sec. 1401(d) provides that failure to make payments prescribed by an arbitrator's decision shall be treated as a delinquency. However, the situation in this case--failure to make payments pending arbitration within the time prescribed by ERISA--is governed by sections 1399(c)(2) and 1451(b) which make clear that the employer must commence payments within sixty days of the pension plan's demand regardless of any review proceeding and that "any failure of the employer to make any withdrawal liability payment within the time prescribed" shall be a delinquency, 29 U.S.C. Sec. 1451(b), with mandatory attorneys' fees to be awarded to the pension plan, 29 U.S.C. Sec. 1132(g)(2). Section 1401(d) is necessary to cover the separate situation where an employer has failed to make payments pursuant to an arbitrator's decision.
 
 Prevailing Party
 
 24
 Lads argues that because the collection action (84-6618) was dismissed without a decision on the merits, Trust is not a "prevailing party" and may not be awarded attorneys' fees. The collection action was dismissed, however, because the Trust had prevailed on its counterclaim in the injunction action (84-6617) and obtained an order enforcing the arbitrator's decision. Once Trust obtained final relief, the collection action was moot. An award of attorneys' fees is not precluded because an action is dismissed as moot. Fees may be awarded even though there is no judgment on the merits or when the dispute has become moot because relief is otherwise obtained. See Cal. Ass'n. of Physically Handicapped v. F.C.C., 721 F.2d 667 (9th Cir.1983), cert. denied, --- U.S. ----, 105 S.Ct. 121, 83 L.Ed.2d 63 (1984); Beach v. Smith, 743 F.2d 1303, 1306 (9th Cir.1984); Fitzharris v. Wolff, 702 F.2d 836, 839 (9th Cir.1983); Bly v. McLeod, 605 F.2d 134, 137 (4th Cir.1979), cert. denied, 445 U.S. 928, 100 S.Ct. 1315, 63 L.Ed.2d 761 (1980)(fees ultimately denied because relief obtained by legislative action and not by litigants' suit).
 
 
 25
 Here Trust was clearly the prevailing party. The district court noted that Trust "won the ultimate issue, which is to compel the payment of the withdrawal" liability. The arbitrator's decision also makes clear that Trust prevailed on the issue of interim payments. The arbitrator specifically declined to assess attorneys' fees in Lads' favor because Lads "did not prevail in this arbitration." While it is true that the arbitrator did not direct acceleration of withdrawal liability and the district court found no reason to rule on the issue of whether ERISA allows acceleration pending the outcome of arbitration, Lads cannot seriously claim to be the true prevailing party.
 
 
 26
 The district court correctly awarded attorneys' fees to Trust. Trust is the prevailing party; it won the ultimate issue; that it did not prevail on each and every sub-issue is not grounds for a piecemeal fees award. Lads is not entitled to attorneys' fees; it is not a prevailing party. The district court's judgment awarding attorneys' fees to Trust and denying attorneys' fees to Lads is therefore
 
 
 27
 AFFIRMED.
 
 
 
 [1]
 Section 1132(g)(2) provides that:
 "[i]n any action under this subchapter ... to enforce section 1145 of this title (Sec. 1145 pertains to delinquent contributions) in which a judgment in favor of the plan is awarded, the court shall award the plan--
 * * *
 "(D) reasonable attorneys' fees and costs of the action, to be paid by the defendant...."
 
 
 [2]
 "In any action under this section to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of section 1145 of this title)." 29 U.S.C. Sec. 1451(b)