901 F.2d 796
 Bruce PARKHURST, Dennis Madigan, James K. Pruett, M.C.
Sturgis, Jose Ward, Joe Roth, et al.,
Plaintiffs-Appellants-Cross-Appellees,
v.
ARMSTRONG STEEL ERECTORS, INC., Defendant-Appellee-Cross-Appellant.
 Nos. 87-6383, 87-6470.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 27, 1989.
Decided April 25, 1990.
 
 Peter W. Cavette, Patrick M. Hevesy, Los Angeles, Cal., for plaintiffs-appellants-cross-appellees.
 Robert E. Willard, Newport Beach, Cal., for defendant-appellee-cross-appellant.
 Appeal from the United States District Court for the Central District of California.
 Before NELSON and BOOCHEVER, Circuit Judges, and BROWNING,* District Judge.
 PER CURIAM:
 
 
 1
 Appellants, trustees of six trust funds who manage multi-employer benefit plans, appeal the district court's denial of statutory and contractual liquidated damages and the denial of interest on liquidated damages. Armstrong Steel Erectors cross-appeals challenging the award of attorneys' fees.
 
 1. Award of Liquidated Damages
 
 2
 We review district court interpretations of federal law de novo. United States v. Mortenson, 860 F.2d 948, 949 (9th Cir.1988). We apply the same standard where the district court interprets a contract without using extrinsic evidence. L.K. Comstock & Co. v. United Eng'rs & Constructors, Inc., 880 F.2d 219 (9th Cir.1989).
 
 
 3
 The Trust Funds assert that the district court should have awarded liquidated damages based either on ERISA or by the terms of the trust agreements. We have held that unpaid contributions must exist at the time of suit for statutory liquidated damages to be awarded. Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, 215-16 (9th Cir.1989). Because there were no unpaid contributions outstanding at the time the Trust Funds brought suit, no statutory liquidated damages are due.
 
 
 4
 The Trust Funds contend that our holding on this point in Idaho Plumbers was dictum as the entitlement to statutory damages was not an issue in that case. Nevertheless, the Idaho Plumbers position is well considered and we choose to follow it. Although the plaintiffs in Idaho Plumbers did not seek statutory liquidated damages, they did argue that the statutory provision supported their entitlement to contractual damages. Id. at 215. After reviewing the statutory language and the case law of other circuits, the Idaho Plumbers court determined that there is a statutory entitlement to liquidated damages only when there are unpaid contributions at the time of suit.
 
 
 5
 The Trust Funds alternatively contend that the trial court should have awarded liquidated damages as provided for by the terms of the trust agreements themselves, independent of ERISA's enforcement provisions. The trial judge concluded that it would not "effectuate[ ] the policies behind ERISA and LMRA [Labor Management Relations Act] to give effect to the punitive liquidated damages provisions of the trust agreements." Memorandum of Decision at 4, Parkhurst v. Armstrong Steel Erectors, CV 86-5590 WDK (C.D.Cal. August 25, 1987). The trial court arrived at this conclusion after weighing federal law's approval of such damages when the contributions have not been made at the time suit is filed against the federal common law's and California's disfavor for liquidated damages provisions under certain circumstances. See Memorandum Decision at 3-4 (citing Bennett v. Machined Metals Co., Inc., 591 F.Supp. 600 (E.D.Pa.1984)).
 
 
 6
 Idaho Plumbers also addressed the imposition of liquidated damages pursuant to contractual agreement. Idaho Plumbers affirmed the trial court's determination that the liquidated damages provision at issue was void as a penalty. That agreement provided for liquidated damages of 20%, or $9,245.23 in that instance, for a contribution that was paid four days late. Idaho Plumbers, 875 F.2d at 214. Here the Trust Funds' agreements also provided for liquidated damages in the amount of 20% of the delinquent contribution. Armstrong was assessed $29,199.49 for a series of delinquencies averaging less than 20 days in length. The trial court did not specifically find the trusts' liquidated damages provisions void as a penalty, rather he declined to award damages because he found that so doing would not effectuate the policies behind ERISA and LMRA. However, the District Judge's quotation of Bennett suggests that he was concerned that the 20% penalty provision did not constitute a reasonable forecast of just compensation for the harm caused. There is nothing in the record to indicate that the 20% provision in the Trust Funds' agreements was any more a reasonable forecast of damages than the 20% provision in Idaho Plumbers. Therefore, we hold that as in Idaho Plumbers, the 20% provision is void as a penalty.
 
 
 7
 As to the Trust Funds' single assessment at the previous rate of 10%, appellees' counsel conceded at oral argument that the Idaho Plumbers penalty analysis would recognize no difference between a 10% or 20% rate. Without some indication that the liquidated damages provision is a good faith attempt to set an amount reflective of anticipated damages, we will find the provision void as a penalty. Idaho Plumbers, 875 F.2d at 217 (citing United Order of American Bricklayers and Stone Masons v. Thorlief Larsen & Son, Inc., 519 F.2d 331, 332 (7th Cir.1975)).
 
 2. Interest on Liquidated Damages
 
 8
 Our affirmance of the district court's denial of liquidated damages resolves the Trust Funds' claim for interest on the liquidated damages.
 
 3. Attorneys' Fees
 
 9
 Armstrong cross-appeals on the issue of whether the trial court should have awarded attorneys' fees to the Trust Funds. The trial court's Memorandum Decision awarded $4,441.25 in fees on the basis that "[h]aving brought suit pursuant to 29 U.S.C. Sec. 1145 and having prevailed on the issue of interest, the plaintiffs are entitled to recover their reasonable attorneys' fees and costs of suit under 1132(g)(2)(D)." Memorandum of Decision at 4, Parkhurst v. Armstrong Steel Erectors, CV 86-5590 WDK (C.D.Cal. August 25, 1987).
 
 
 10
 Armstrong contends that the Trust Funds did not really prevail on the interest claim because, as the memorandum decision notes, "Armstrong has not contested its obligation to pay interest under the trust agreements, and even concedes that it has not paid those sums, in part because it never received an invoice for them." Id.
 
 
 11
 Nevertheless, the trial court found "that Parkhurst properly brought this action to recover interest owing on the delinquent contributions and is entitled to recover $671.74 on that basis." Id.
 
 
 12
 Armstrong's Answer sets forth an affirmative defense that "[a]ll sums due from defendant to plaintiffs as contributions under the agreements between the parties were paid in full by defendant before the filing of this action, as plaintiffs well know, and all sums sought by plaintiffs in this action from defendant are for so-called liquidated damages only." The Trust Funds' complaint did include a demand for interest, both on the contributions for the time they were delinquent and for interest on the liquidated damages.
 
 
 13
 Section 1132(g)(2)(D) states that "In any action ... to enforce section 1145[ ] of this title in which a judgment in favor of the plan is awarded, the court shall award the plan reasonable attorney's fees and costs of the action, to be paid by the defendant...." 29 U.S.C.A. Sec. 1132(g)(2)(D) (West 1985). In the case at bar, apparently Armstrong had conceded the interest issue but the District Judge found that it had not paid the amount prior to the filing of the judgment or the suit.
 
 
 14
 We review a district court's award of mandatory attorneys' fees pursuant to Sec. 1132(g)(2)(D) according to the deferential, clearly erroneous standard. Lads Trucking Co. v. Board of Trustees, 777 F.2d 1371, 1373 (9th Cir.1985). The trial court's finding that the Trust Funds prevailed on the issue of interest is not clearly erroneous and is supported by the record.
 
 
 15
 Each side will bear its own costs and fees for this appeal.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The Honorable William D. Browning, United States District Judge for the District of Arizona, sitting by designation