**ROOFERS LOCAL UNION NO. 81, et al., Plaintiffs,**

v.

**WEDGE ROOFING, INC., Defendant.**

**No. C–91–367 SAW.**

United States District Court, N.D. California.

Sept. 11, 1992.

MEMORANDUM AND ORDER

WEIGEL, District Judge.

## I. *Background*

In March, 1990 Defendant signed an Apprenticeship Contribution Agreement ("the Agreement") which was to be effective as of November 1, 1989. In exchange for the opportunity to have its trainees formally indentured by the North and East Bay Counties Roofing/Waterproofing Joint Apprenticeship and Training Committee's ("JATC") training program, Defendant agreed to contribute to employee benefit plans known as Roofers Local 81 Area Health and Welfare, Vacation, Promotion and Apprenticeship Trust Funds ("Plaintiff Trust Funds") in accordance with the Apprenticeship Standards of the Roofers' Ten Bay Area Counties Roofers Joint Apprenticeship and Training Committee and JATCs, as approved by the State of California Department of Apprenticeship Standards. Defendant further agreed to contribute at the hourly rates in effect under the Apprenticeship Standards of the JATCs, on all hours for which contributions were required. Under the Agreement, modifications in rates or basis of contributions were to be effective only upon approval of the JATCs. Finally, Defendant agreed that contribution requirements and amounts would be in accordance with those negotiated by employee representatives which are parties to the agreements under which Plaintiff Trust Funds are maintained.

Between November 1, 1989 and the filing of Plaintiff Trust Funds' complaint, twenty-six apprentices who were employed by Defendant were indentured by JATC. Defendant, however, failed to pay the contribution to Plaintiff Trust Funds required by the Agreement. Plaintiff Trust Funds brought an action against Defendant for unpaid contributions under the Employee Retirement Income and Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.

Plaintiff Trust Funds won at summary judgment. Because the parties had disputed the amount Defendant owed for contri-

Michael J. Carroll, Erskine & Tulley, San Francisco, CA, for plaintiffs.

Mark D. Jordan, Jordan & Ferrington, Santa Rosa, CA, for defendant.

butions, damages, interest, costs and fees, the court instructed Plaintiffs to serve and file a short and concise statement of their claims. Pursuant to that instruction, Plaintiff Trust Funds now request $102,387.24 in contributions. This figure includes $29,-306.00 for the Vacation Fund, $59,269.74 for the Health and Welfare Fund, $9,736.00 for the Pension Fund and $4,075.50 for the Apprenticeship Fund. Plaintiff Trust Funds further request $20,664.94 in liquidated damages[1], $9,943.36 in interest, $7,787.50 in attorney's fees and $170.00 in costs. The total amount of Plaintiff Trust Funds' request is $140,953.04.

## II. Discussion

A multiemployer benefit plan which prevails in an action against an employer for contribution under ERISA is entitled to the unpaid contributions, interest on the unpaid contributions, reasonable attorney's fees and costs, and liquidated damages. 29 U.S.C. 1132(g). Because Plaintiff Trust Funds have prevailed in an action for contribution against Defendant under ERISA, the court now considers Plaintiff Trust Funds' calculations of the amount of unpaid contributions and damages due.

Defendant has raised five specific objections to Plaintiff Trust Funds' determinations of money owed: (1) Plaintiff Trust Funds classified apprentices in incorrect apprenticeship brackets and hence miscalculated the contributions owed for them; (2) JATC incorrectly classified certain employees, who are neither journeymen or apprentices, as journeymen for purposes of determining contributions owed to the Health and Welfare funds; (3) there has been a failure of a condition precedent (employees failed to present Defendant with

their pay cards) which released Defendant from an obligation to pay contributions; (4) Defendant paid health and welfare benefits to a private plan, and therefore is not required to contribute to Plaintiff Trust Funds' Health and Welfare fund; and (5) Defendant paid vacation benefits directly to its employees, and therefore it is not obligated to contribute to Plaintiff Trust Funds' Vacation Trust fund.

### A. Defendant's Objections to Benefit Calculation Method

█ Defendant challenges JATC's classification of employees and disputes the amount of contribution that Plaintiff Trust Funds have determined it owes. The agreement between Plaintiff Trust Funds and Defendant, however, included a provision that JATC would be responsible for classifying employees, thus determining the rate of contributions required. Moreover, in granting Plaintiff Trust Funds' motion for summary judgment, this court concluded that "Defendant agreed in writing to the rates and the method by which they were set, as Defendant unconditionally agreed to pay fringe benefit contributions at the rates in effect under the Apprenticeship Standards of the JATCs." Given the specifics of the Agreement and given the court's determinations at summary judgment, Defendant's objections to the rates of contribution to Plaintiff Trust Funds and to JATCs classification of employees are not well taken. Because the court has determined that Defendant is bound by the JATC's determination of classification standards and benefit rates, this court accepts Plaintiff Trust Funds' calculations and will not now entertain Defendant's challenge to the classification scheme that JATC has adopted.

---

**1.** 29 U.S.C. § 1132(g)(2) provides that when a benefit plan regulated by ERISA wins a judgment in an action to enforce a benefit contribution agreement, the plan is entitled to

"... (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan not in excess of 20 percent [of the amount of unpaid contributions]".

All of the trust agreements similarly contain the following provision:

"... the amount of liquidated damages to the Trust resulting from any Employer's default, over and above attorney's fees and interest for delinquent contributions, shall be 10% of the contributions (but at least $20.00) or—if the delinquency is referred to a collection attorney or agency for collection—then an amount equal to the greater of (a) 20% of the delinquent contributions, or (b) interest ..."

Plaintiffs assert that these provisions entitle them to statutory and contractual liquidated damages in the amount of 20%.

### B. Maturation Date for Defendant's Contribution Obligations

This court also rejects Defendant's argument that the obligation to pay contributions for an employee did not mature until the employee presented Defendant with his or her pay card. The only issue before this court is the amount of contributions owed and damages incurred as a result of Defendant's failure to fulfil its obligations. Any objections to this court's determination of when Defendant's obligations under the Agreement matured were raised and rejected at the summary judgment stage. Defendant has offered no new evidence that has persuaded this court to revisit its previous determination.

### C. Defendant's Payment of Health and Welfare and Vacation Benefits to Other Sources

■ This court also rejects Defendant's argument that Defendant's payment of vacation benefits to its employees directly and Defendant's payment of contributions to a private health and welfare trust fund released Defendant of the obligation to contribute to Plaintiff Trust Funds' Vacation Trust Fund and Health and Welfare Trust Fund. While, Defendant's direct payments to its employees may result in windfalls to those employees, it does not follow that Plaintiff Trust Funds suffered less damage than they are claiming. Plaintiff Trust Funds, which benefit all employees that enroll in JATC training programs, have been depleted by Defendant's failure to contribute and are simply seeking to compel the performance promised. Defendant's private decisions to pay out vacation benefits and to contribute to an independent health and welfare plan do not negate this essential fact. *See Local 9, International Union of Operating Engineers v. Siegrist Constr. Co.*, 458 F.2d 1313 (10th Cir.1972) (employer's payments directly to employees do not release employer from contractual obligation to contribute to employee benefits trust funds).

### D. Liquidated Damages

■ Plaintiff Trust Funds seek liquidated damages both for unpaid contributions which fell due before and for those which fell due after the initial complaint was filed. Because Plaintiff Trust Funds are indisputably entitled to 20% in statutory damages for unpaid contributions which fell due before the complaint was filed[2], the only issue remaining to be settled is whether the award of statutory or contractual liquidated damages should include damages for contributions which fell due after the complaint was filed and which remain unpaid.

This issue has not been addressed directly by the Ninth Circuit. Based on the Ninth Circuit's statement that "unpaid contributions must exist at the time of suit for statutory liquidated damages to be awarded....", *Parkhurst v. Armstrong Steel Erectors, Inc.*, 901 F.2d 796 (9th Cir.1990) and on the Ninth Circuit decision in *Idaho Plumbers*, Magistrate Wayne D. Brazil has ruled that statutory damages are not available for contributions which became delinquent after the complaint was filed and which remain unpaid. *See Board of Trustees v. Udovch*, 771 F.Supp. 1044 (N.D.Cal. 1991). However, the Ninth Circuit in *Parkhurst* and *Idaho Plumbers* did not consider the problem of unpaid contributions that fell due after the complaint was filed. To apply the specific holdings from these Ninth Circuit cases to the situation presented in the instant case would require Plaintiff Trust Funds to file multiple lawsuits to recover liquidated damages which came due after the complaint was filed. Such a procedure would needlessly burden the parties and the courts. Moreover, it would

---

**2.** The Ninth Circuit has concluded that the liquidated damages provided in 29 U.S.C. § 1132(g)(2)(C)(ii) are mandatory when (1) there is a judgment in favor of the benefit plan, (2) contributions remain unpaid at the time the suit is filed, and (3) liquidated damages are provided for in the benefit plan. *Idaho Plumbers and Pipefitters Health and Welfare Fund v.*

*United Mechanical Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir.1989). Because Plaintiff Trust Funds have obtained a favorable judgment, contributions remained unpaid when the suit was filed and the benefit plan provided for liquidated damages, liquidated damages for contributions unpaid at the time the suit was filed are mandatory.

undermine the policy goals of deterring ERISA violations and of recompensing prevailing plans, which goals underlie ERISA's compensation scheme. In order to accomplish the policy goals of 29 U.S.C. 1132 in a fair and efficient manner, this court, thus, will allow Plaintiff Trust Funds to recover unpaid contributions which came due after the lawsuit was filed.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff Trust Funds' application for contributions, damages, costs and fees in the amount of $140,953.04 is granted. Defendant's request for separate trial on the issue of damages is denied.