12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sandra L. FURNARI, Plaintiff-Appellant,
v.
Donald C. DORNAN, Defendant-Appellee.
 No. 92-55198.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 2, 1993.*
Decided Dec. 6, 1993.
 
 Before: TANG, CANBY and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sandra L. Furnari filed an ERISA claim under 29 U.S.C. Sec. 1132. Furnari sought benefits under two ERISA plans (the "Plans") maintained by her employer, Donald Dornan, D.D.S. ("Dr. Dornan") and Donald C. Dornan, D.D.S., Inc. (collectively, "Dornan"). Ultimately, the district court ruled that Furnari lacked standing and ordered her to pay costs and attorney's fees. Furnari timely appeals. We affirm the district court's ruling on standing but do not reach the question of attorney's fees because it is not a final appealable order.
 
 I.
 
 3
 The district court initially found standing for Furnari to bring a claim as a participant under ERISA but, after a bench trial concluded that Furnari lacked standing. Furnari argues that the district court should not have overruled its original ruling because standing is determined at the time when the complaint is filed. The assertion that the district court is bound by its initial ruling on standing is without merit. The district court stated in a pre-trial order that the question of standing was to be litigated at trial. The standing issue then, was not set in stone as Furnari would claim it to be. Moreover, "[s]tanding is a necessary element of federal-court jurisdiction," City of South Lake Tahoe v. California Tahoe, 625 F.2d 231, 233 (9th Cir.), cert. denied, 449 U.S. 1039 (1980), and federal courts may dismiss a case "whenever" jurisdiction appears to be lacking, Fed.R.Civ.P. 12(h)(3).
 
 II.
 
 4
 Furnari's standing is a real issue. Under ERISA's civil enforcement provision, a civil action may be brought by a plan participant, beneficiary, fiduciary, or by the Secretary of Labor. 29 U.S.C. Sec. 1132(a). ERISA defines "participant" as "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan...." 29 U.S.C. Sec. 1002(7). The Supreme Court has expounded on the term "participant" by stating:
 
 
 5
 In our view, the term "participant" is naturally read to mean either "employees in, or reasonably expected to be in currently covered employment," Saladino v. I.L.G.W.U. Nat'l Retirement Fund, 754 F.2d 473, 476 (2d Cir.1985), or former employees who "have ... a reasonable expectation of returning to covered employment" or have "a colorable claim" to vested benefits, Kuntz v. Reese, 785 F.2d 1410, 1411 (9th Cir.) (per curiam), cert. denied, 479 U.S. 916 (1986).
 
 
 6
 Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 117 (1989).
 
 
 7
 It is undisputed that Furnari is a former employee who worked as a dental hygienist for Dornan. The Plans covered dental hygienists prior to her employment, but were later amended to exclude hygienists from coverage.[1] Furnari argues that the amendments to the Plans are void and she should therefore be covered as though the Plans were never amended. Furnari contends the amendments are void because: (1) the Plans themselves prohibit any amendment which discriminate in favor of highly compensated employees, as defined by 26 U.S.C. Sec. 414(q); and (2) the Internal Revenue Code ("I.R.C.") prohibits the Plans from discriminating. We disagree.
 
 A.
 
 8
 Furnari contends that the Plans purported to exclude all hygienists but violated that exclusion by including hygienist Suzanne Dornan ("Suzanne"), the wife of Dr. Dornan.[2] The district found, however, that the Plans covered Suzanne as a managerial employee and not as a highly compensated dental hygienist. This is a factual finding which we review for clear error. Lads Trucking Co. v. Board of Trustees, 777 F.2d 1371, 1373 (9th Cir.1985).
 
 
 9
 The district court found that Suzanne performed in a managerial capacity as well as a dental hygienist because:
 
 
 10
 Included in her duties, among other things, were that of supervising dental hygienist, attending management meetings, planning, organizing, implementing and monitoring various policies and procedures in the practice, setting office goals, establishing better communications with referring dentists, creating a dental hygienists manual and updating the general office manual, improving treatment records, hiring and firing employees, planning staff meetings and attending various professional courses as a representative of [the] office.
 
 
 11
 The record supports this finding of fact and we find no clear error. Because the Plans included Suzanne as a managerial employee and not as a hygienist, there was no violation of the Plans' provisions excluding hygienists.
 
 B.
 
 12
 Furnari argues additionally that the amendments are void because they violate I.R.C. Sec. 410(b). Under Sec. 410(b), the Plans must not discriminate in favor of highly compensated employees in order to qualify as "qualified trusts," as defined by I.R.C. Sec. 401(a).
 
 
 13
 That issue is one which Furnari has no standing to bring. Whether an ERISA plan discriminates in favor of highly compensated employees only is important for tax purposes.[3] Such tax concerns are matters between the employer and the Internal Revenue Service ("IRS"). See Reklau v. Merchants Nat'l Corp., 808 F.2d 628, 631 (7th Cir.1986) ("There is no basis, under Sec. 1202(c) or elsewhere in ERISA, to find that the provisions of IRC Sec. 401--which relate solely to the criteria for tax qualification under the Internal Revenue Code--are imposed on pension plans by the substantive terms of ERISA.") (quotation omitted), cert. denied, 481 U.S. 1049 (1987); In re Witwer, 148 B.R. 930, 937 (Bankr.C.D.Cal.1992) ("The provisions of I.R.C. Sec. 401(a) relate solely to the criteria for tax qualification under the Internal Revenue Code.").[4]
 
 
 14
 Furnari has no colorable claim to vested benefits under the Plans and lacks standing as a participant to bring a suit under ERISA's civil enforcement section, 29 U.S.C. Sec. 1132.
 
 III.
 
 15
 Furnari also appeals the district court's grant of attorney's fees pursuant to 29 U.S.C. Sec. 1132(g)(1). We review this issue for an abuse of discretion. Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 452 (9th Cir.1980). In Hummell, we listed five factors in determining whether attorney's fees are appropriate under ERISA:
 
 
 16
 (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.
 
 
 17
 Id. at 453.
 
 
 18
 The district court deferred ruling on the issue because of the second Hummell factor. Specifically, the district referred the matter to a magistrate judge to conduct an evidentiary hearing on Furnari's ability to satisfy an award of fees. Thus, the attorney's fees' issue is not a final appealable decision. See Jensen Elec. Co. v. Moore, Caldwell, Rowland, & Dodd, Inc., 873 F.2d 1327, 1329 (9th Cir.1989) ("An order awarding attorney's fees which does not fully dispose of the issue of attorney's fees is not a final, appealable order.")
 
 
 19
 However, the district court's ruling on the Hummell factors deserves some attention because of our determination regarding Dornan's request for appellate costs and attorney fees. We agree with the district court that the first factor does not weigh in favor of either party. There is no showing that either party acted in bad faith. However, as to the other Hummell factors, we differ with the district court. Furnari proceeded to trial because the district court initially ruled she had a colorable claim to vested benefits, and the trial likely caused each side to incur larger attorney's fees than if the case had been initially dismissed. It is unlikely further than an award of attorney's fees in this instance will deter future plaintiffs with a genuine belief that they have an ERISA cause of action from litigating the claim, especially when the trial court rules that a colorable claim for vested benefits exist. Also, Dornan's defense of Furnari's claim does not alter the participation, vesting, and funding requirements of ERISA, 29 U.S.C. Secs. 1051-1086, and it is unclear how such a defense affected the benefits of the Plans' participants and beneficiaries. Finally, Furnari's claim apparently had some merit in that it survived a dismissal motion and proceeded to trial.
 
 
 20
 Based on the foregoing conclusions we deny Dornan's request for appellate costs and attorneys' fees.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Plans were apparently amended to exclude dental hygienists so that Dornan could pay more competitive wages to hygienists
 
 
 [2]
 Suzanne Dornan was employed by Dornan from 1976 through 1988 and, during that time, married Dr. Dornan in 1982 and was later divorced from him in 1987
 
 
 [3]
 If an ERISA plan does not discriminate in favor of highly compensated employees, then it may be a "qualified trust," under I.R.C. Sec. 401(a), which is exempt from taxation under I.R.C. Sec. 501(a)
 
 
 [4]
 Although ERISA does provide a cause of action for qualified plans under I.R.C. Sec. 401(a) which violate ERISA's participation, vesting, and funding standards, that cause of action is expressly reserved for the Secretary not Furnari. See 29 U.S.C. Sec. 1132(b). And, as already stated, whether a plan discriminates in favor of highly compensated employees has only tax consequences and does not affect the participation, vesting, and funding standards under ERISA, 29 U.S.C. Secs. 1051-1086