NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGEL JET SERVICES, LLC, individually and as assignee of Jane Doe, <br><br>        Plaintiff-Appellant, <br><br>   v. <br><br> GIANT EAGLE, INC., individually and as Plan Administrator of Giant Eagle Group Health Insurance; GIANT EAGLE GROUP HEALTH INSURANCE, <br><br>        Defendants-Appellees. | No. 13-15956 <br><br> D.C. No. 2:09-cv-01489-SRB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted June 12, 2015[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Barbara Jacobs Rothstein, Senior District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

1

Before: CHRISTEN and WATFORD, Circuit Judges, and ROTHSTEIN, Senior District Judge.[***]

Appellant Angel Jet Services, Inc., an "air ambulance" company, challenges two rulings from the U.S. District Court for the District of Arizona: (1) the award of attorneys' fees and costs to Appellee Giant Eagle, Inc. ("the Company") and Giant Eagle Group Health Insurance ("the Plan"); and (2) the denial of Appellant's motion for attorneys' fees and costs. We have jurisdiction over this matter under 28 U.S.C. § 1291. We review questions of fact under the "deferential, clearly erroneous standard, and questions of law under the non-deferential, de novo standard." *Lads Trucking Co. v. Bd. of Trs. of W. Conference of Teamsters Pension Trust Fund*, 777 F.2d 1371, 1373 (9th Cir. 1985).

At all times relevant, Deborah Siebel was a beneficiary of the Plan. In late 2008, Ms. Siebel—who was dying of lung cancer—traveled to Monaco to receive treatment. When it became clear that she could not recover from her illness, Ms. Siebel's family began looking for a way to take her back home to Pittsburgh, Pennsylvania. Her family approached Appellant.

Appellant provided the Siebels with a quote of $92,460 for "bedside to bed" transportation from Monaco to Pittsburgh.[1] An agreement was reached to have the

---

[1] Appellant initially denied making any such quote; however, it later recanted this assertion and admitted that it provided the $92,460 quote to the Siebel family.

2

Plan pay for Ms. Siebel's flight; however, the Plan did not enter into any agreement with Appellant regarding the specific price. Appellant subcontracted with a third party—Sky Service—to provide the actual transportation service; Appellant paid SkyService $56,500.

Immediately after the flight, Appellant billed the Plan in the amount of $957,930 for services rendered. Upon receiving this astonishing bill, the Plan requested additional information regarding the cost of the flight. Appellant did not provide the requested information; instead, it brought the present suit against Appellees, seeking $957,930. Appellant's Complaint included four state law claims based on a breach of contract theory and two claims under ERISA—a benefits claim and a procedural claim.

Appellees made a Rule 68 settlement offer of $150,000, plus attorney fees and costs; Appellant rejected the offer. Appellees then moved the district court to remand the ERISA benefits and procedural claims so that the Plan Administrator could determine the amount reasonably owed to Appellant. The district court granted the motion to remand both claims but later reconsidered its decision regarding the procedural claim. Appellees also moved to dismiss the state law claims against the Company. The district court initially dismissed these state law claims but reconsidered its ruling when Appellant represented to the district court that the Company itself, in addition to the Plan, had made a separate promise to

pay Appellant for the flight.[2]

On remand, it was determined that the reasonable amount owed for the flight under the ERISA benefits claim is $92,460—the price quoted to the family.[3] The district court then granted summary judgment with respect to the state law claims and dismissed the ERISA procedural claim.[4] Both parties moved for fees and costs. In a 24-page opinion, the District Court awarded the Appellees $398,464.80 in fees and $47,857 in costs under both Arizona Revised Statute § 12-341.01(A) (the "Arizona State Fee Statute") and ERISA's fee provision, 29 U.S.C. § 1132(g)(1). The Court denied Appellant's motion for attorney fees.

Appellant contends that the district court erred in awarding fees and costs to Appellees under ERISA, 29 U.S.C. § 1132(g)(1). According to Appellant, the district court's award is premised on an improper finding that Appellees achieved success on all claims and consistently took meritorious positions and that Appellant presented meritless arguments and achieved no success. We find no reversible error. The district court clearly did not err in finding that Appellees

---

[2] This representation turned out to be false. Appellant never substantiated that such a promise had been made.

[3] Appellant does not appeal this determination.

[4] The matter was initially remanded to the Plan Administrator. The Plan Administrator determined that $83,433 is the reasonable amount owed. Angel Jet appealed this decision to a neutral third-party mediator, who determined that $92,460 is reasonable.

achieved success on the merits. Appellees prevailed on both the motion for remand and the motion for summary judgment. Similarly, the district court's finding that Appellant did not achieve success on the merits is not clearly erroneous: Appellant received only $92,460 as a result of this action—over $60,000 less than Appellees originally offered in settlement and over $900,000 less than Appellant demanded. Moreover, Appellant received this amount only after Appellees prevailed on the motion for remand.

We also find no error in the district court's calculation of the ERISA fee and cost award. The district court's 24-page order carefully considered the relevant fee and cost affidavits and weighed each statutory factor.

Appellant also contends that the district court erred in awarding fees and costs to Appellees pursuant to the Arizona State Fee Statute. According to Appellant, each state law claim is preempted by ERISA and, therefore, fees for all claims must be awarded pursuant to ERISA, not the Arizona State Fee Statute. However, even if we assume that the district court erred in finding that Appellees were entitled to costs and fees under the Arizona State Fee Statute, such an error is harmless. The district court's well-reasoned order held that *both* the Arizona State Fee Statute and ERISA supported the award of attorneys' fees in this case. And, as set forth above, the award of fees and costs under ERISA was proper.

Moreover, it is clear that the district court's fees and costs calculation would

have been the same regardless of which statute it considered. *See S.F. Culinary, Bartenders & Serv. Emps. Welfare Fund v. Lucin*, 76 F.3d 295, 297 (9th Cir. 1996) ("ERISA preempts an award of attorneys' fees for work done in an ERISA action when those fees are determined according to the standards of a state statute and the state standards differ from the standards that are applicable under ERISA."). Here, the relevant factors considered under both statutes are remarkably similar, i.e. the relative merits of the parties' positions; the losing party's ability to pay any award; the effect of fees on future litigants; and the complexity of the legal matter. *Compare* Ariz. Rev. Stat. § 12-341.01(A) *with* 29 U.S.C. § 1132 (g)(1). The only significant difference between the statutes is that the Arizona State Fee Statute focuses on whether the successful party prevailed with respect to all claims for relief, while ERISA requires only "some success" on the merits. However, this distinction is of no moment here. Appellant did not achieve success on the merits, nor was Appellant the prevailing party.

Appellant also appeals the district court's order denying its motion for fees and costs. For the reasons set forth above, we find that the district court did not abuse its discretion in denying Appellant's motion on the grounds that it did not achieve success on the merits.

We therefore AFFIRM the district court's ruling granting Appellees' motion for fees and costs and its ruling denying Appellant's motion for fees and costs.

6

**JUDGMENT AFFIRMED.**