**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TRUSTEES OF THE CONSTRUCTION
INDUSTRY AND LABORERS
HEALTH AND WELFARE TRUST;
TRUSTEES OF THE CONSTRUCTION
INDUSTRY AND LABORERS JOINT
PENSION TRUST; TRUSTEES OF THE
CONSTRUCTION INDUSTRY AND
LABORERS VACATION TRUST;
TRUSTEES FOR THE SOUTHERN
NEVADA LABORERS LOCAL 872
TRAINING TRUST,
    *Plaintiffs-Appellants,*

    v.

REDLAND INSURANCE COMPANY;
LAKE MEAD CONSTRUCTORS, a joint
venture between Kiewit Western
Co., a Delaware corporation, and
Gilbert Western Corp.; AMERICAN
MOTORISTS INSURANCE COMPANY,
    *Defendants-Appellees,*

    v.

SUMMIT LANDSCAPE COMPANIES,
INC., a California corporation;
SOUTH SHORES RESIDENTIAL AND
COMMERCIAL DEVELOPMENT CORP., a
California corporation,
    *Defendants-Third-Party-*
    *Plaintiffs-Appellees,*

    v.

No. 04-16380

D.C. No.
CV-02-00877-RLH

OPINION

10497

Laborers International Union of North America Local 872; Jose Juan Cruz; Herbiberto Marin Garcia; Arturo P. Gonzales; Jesus C. Gonzales; Raul Gutierrez, Jr.; Jose Luis Jauregui-r; Deron C. Johnson; Diaz Edgar Lopez; Pedro Martinez-Diaz; Orthon Medina; Sergio Robles-Cabanilla; Jose Ruiz-Medina; Ignacio Medina Ruiz; Manuel Quintero; Pablo Cardenas-Manzano Armando Castro; Alejandro Corona; Sean Fowler; Victor Gillen; Adam Jacome; Alvaro Jacome; Maris Linares-Balanos,
                 *Third-Party-Defendants-*
                              *Appellees.*

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Argued and Submitted
March 16, 2006—San Francisco, California

Filed August 30, 2006

Before: Pamela Ann Rymer, William A. Fletcher, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge William A. Fletcher

**COUNSEL**

Adam P. Segal and Michael A. Kristof, Schreck Brignone Godfrey, Las Vegas, Nevada, for the appellants.

Gregory E. Smith, Smith & Kotchka, Las Vegas, Nevada; Thanh Nguyen, the Rodarti Group, Aliso, Viejo, California; Eric A. Stovall, Reno, Nevada; Jonathan E. Van Cleave, Irvine, California, and John P. Carpenter, Lake Mead Constructors, Omaha, Nebraska, for the appellees.

Joseph A. Cardella & Thanh Nguyen, the Rodarti Group, Aliso Viejo, California, and Brent Carson, Winner & Carson, Las Vegas, Nevada, for the third-party plaintiffs-appellees.

Gregory E. Smith, Smith & Kotchka, Las Vegas, Nevada, and Jonathan E. Van Cleave, Irvine, California, for the third-party defendants-appellees.

---

## OPINION

W. FLETCHER, Circuit Judge:

Plaintiffs/Appellants ("the Joint Trustees") prevailed in an action to collect delinquent benefit contributions owed to trusts established under the Employee Retirement Income Security Act ("ERISA"). The Joint Trustees then sought an award of "reasonable attorney's fees and costs of the action" under ERISA pursuant to 29 U.S.C. § 1132(g)(2)(D). The district court granted some of the requested fees, but it refused to allow any recovery for work performed by non-attorneys such as law clerks and paralegals. It also refused to allow any recovery for expenses incurred in the course of the litigation. The Joint Trustees appeal the district court's refusal to award these fees. We reverse and remand.

### I.  Background

On February 12, 2004, the district court granted the Joint Trustees' motion for summary judgment under 29 U.S.C. § 1145 for unpaid benefit contributions on behalf of non-

union employees. Because the Joint Trustees had prevailed on the merits of their claim, the court held that they were entitled to "reasonable attorney's fees and costs" under 29 U.S.C. § 1132(g)(2)(D).

The Joint Trustees initially requested attorney's fees and costs totaling $51,907.04. However, the district court found that the Joint Trustees had failed to provide "sufficient information to determine whether the requested attorney's fees and costs are reasonable" under the twelve-factor test set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). The court therefore ordered the Joint Trustees to provide "an affidavit including this information, as well as any additional information [they] deem germane to the Court's determination of reasonableness under the *Kerr* factors[.]"

The Joint Trustees submitted new affidavits in support of their request for attorney's fees and costs, now for a total amount of $55,064.88.[1] One affidavit specified that their fees were calculated according to "normal billing rates," as follows:

| STAFF | RATE |
| --- | --- |
| Partner | $245.00 |
| Associate | $120.00 - 185.00 |
| Law Clerk | $110.00 |
| Legal Assistant | $70.00 - 100.00 |
| Litigation Clerk | $40.00 |

An additional affidavit specified the total number of hours billed, the hourly rate for each employee, and a "brief summation" of the work performed. The additional affidavit also specified litigation expenses, which it characterized as costs. These expenses were charges for "electronic legal research,

---

[1] In addition, the Joint Trustees sought attorney's fees incurred after briefing on the motion for summary judgment. The district court denied this request. The Joint Trustees have not appealed this denial.

postage, photocopies, courier services, facsimile charges, long distance phone charges, and court reporter services."

The district court declined to award fees for any of the work performed by non-attorneys. It wrote, "[T]he Court finds that Plaintiffs' attorney's fees are unreasonable to the extent that they include the billings of law clerks, paralegals, and other non-attorneys, and accordingly reduces Plaintiff's attorney's fees to $29,131, or that amount of service actually performed by attorneys[.]" The court also declined to award fees for any of the specified expenses.

The Joint Trustees appeal. For the reasons that follow, we agree with the Joint Trustees.

## II.  Standard of Review

"This court reviews de novo any elements of legal analysis and statutory interpretation involved in an attorney fees decision." *Associated Gen. Contractors v. Smith*, 74 F.3d 926, 931 (9th Cir. 1996). Where ERISA has been correctly interpreted, "[w]e review a district court's award of mandatory attorneys' fees pursuant to § 1132(g)(2)(D) according to the deferential, clearly erroneous standard." *Parkhurst v. Armstrong Steel Erectors, Inc.*, 901 F.2d 796, 799 (9th Cir. 1990); *see also Lads Trucking Co. v. Bd. of Trs. of the W. Conference of Teamsters Pension Trust Fund*, 777 F.2d 1371, 1373 (9th Cir. 1985).

## III.  Discussion

**[1]** ERISA provides for the mandatory award of attorney's fees to pension plans in successful actions to collect delinquent contributions owed under 29 U.S.C. § 1145. *Lads Trucking*, 777 F.2d at 1373-74. In the words of the statute,

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this

title in which judgment in favor of the plan is awarded, the court shall award the plan —

. . . .

(D)   reasonable attorney's fees and costs of the action, to be paid by the defendant . . .

29 U.S.C. § 1132(g)(2)(D).

### A.   Work Performed by Non-Attorneys

**[2]** As we construe its order, the district court ruled as a matter of law under § 1132(g)(2)(D) that attorney's fees are not available to compensate for work performed by non-attorneys such as law clerks and paralegals. The district court erred in so ruling.

**[3]** In *Missouri v. Jenkins*, 491 U.S. 274 (1989), the Supreme Court held that a " 'reasonable attorney's fee' provided for by statute should compensate the work of paralegals, as well as that of attorneys." *Id.* at 285. The Court reasoned,

> Clearly, a "reasonable attorney's fee" cannot have been meant to compensate only work performed personally by members of the bar. Rather, the term must refer to a reasonable fee for the work product of an attorney. Thus, the fee must take into account the work not only of attorneys, but also of secretaries, messengers, librarians, janitors, and others whose labor contributes to work product for which an attorney bills her client; and it must also take account of other expenses and profit.

*Id.* If the attorney's hourly rate already incorporates the cost of work performed by non-attorneys, then courts should not compensate for these costs as an additional "reasonable attor-

ney's fee." The key, wrote the Court, is the billing custom in the "relevant market." *Id.* at 288. Thus, fees for work performed by non-attorneys such as paralegals may be billed separately, at market rates, if this is "the prevailing practice in a given community." *Id.* at 287. Indeed, even purely clerical or secretarial work is compensable if it is customary to bill such work separately, *id.* at 287 n.9, though such tasks "should not be billed at the paralegal rate, regardless of who performs them." *Id.* at 288 n.10. The principle established in *Jenkins* harnesses "the discipline of the market" to ensure that attorneys recover only those costs that are not already built into their hourly fees. *Id.* at 287 n.9.

**[4]** On remand, the district court may properly insist that the Joint Trustees show that it is the custom in the relevant community to bill separately for work performed by the non-attorneys at issue, and that the Joint Trustees "produce[ ] satisfactory evidence, in addition to the affidavits of [their] counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). The district court should "provide a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also D'Emanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1384-86 (9th Cir. 1990) (discussing the requirements for a "concise but clear explanation").

## B. Expenses

The Joint Trustees contend that their specified expenses, which they have characterized as costs in their affidavit, are part of "reasonable attorney's fees" under § 1132(g)(2)(D). It is well established that attorney's fees under 42 U.S.C. § 1988 include reasonable out-of-pocket litigation expenses that would normally be charged to a fee paying client, even if the court cannot tax these expenses as "costs" under 28 U.S.C.

§ 1920.[2] *See, e.g.*, *Harris v. Marhoefer*, 24 F.3d 16, 19-20 (9th Cir. 1994); *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986), *reh'g denied and opinion amended*, 808 F.2d 1373 (9th Cir. 1987).

Lower courts in this circuit have, without comment, applied the interpretation of attorney's fees in § 1988 to other fee-shifting statutes in order to award expenses that do not fall within the scope of § 1920. *See, e.g.*, *Griffeth v. Sheet Metal Workers' Local Unions & Councils Pension Plan*, 34 F. Supp. 2d 1170, 1176 (D. Ariz. 1998) (29 U.S.C. § 1132(g)(1)); *Aloha Tower Assocs. Piers 7, 8 & 9, Ltd. P'ship v. Millennium Aloha, Inc.*, 938 F. Supp. 646, 650 (D. Haw. 1996) (28 U.S.C. § 1447(c)); *Snell v. Reno Hilton Resort*, 930 F. Supp. 1428, 1434 (D. Nev. 1996) (42 U.S.C. § 2000e-5(g)(2)(B)). As in *Griffeth*, district courts outside this circuit have held that although not all "reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys" come within § 1920, "those expenses may in fact be recoverable as part of their reasonable attorney's fees" under ERISA. *Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127,

---

[2]28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

    (1) Fees of the clerk and marshal;

    (2) Fees of the court reporter for all or any part of the steno-graphic transcript necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

    (5) Docket fees under section 1923 of this title;

    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

1133 (E.D. Mo. 1998) (§ 1132(g)(1)); *see also Antolik v. Saks Inc.*, 407 F. Supp. 2d 1064, 1079 (S.D. Iowa 2006) (§ 1132(g)(1)); *King v. JCS Enters., Inc.*, 325 F. Supp. 2d 162, 171 (E.D.N.Y. 2004) (§ 1132(g)(2)(D)). *But see Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 990 F. Supp. 1039, 1044 (N.D. Ill. 1998) (§ 1132(g)(1)), *vacated by* 195 F.3d 975 (7th Cir. 1999).

**[5]** The Supreme Court has provided two guidelines addressing the scope of attorney's fees as applied to litigation expenses. First, "reasonable attorney's fees" do not include costs that, like expert fees, have by tradition and statute been treated as a category of expenses distinct from attorney's fees. *See W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 99-100 (1991). Second, "reasonable attorney's fees" include litigation expenses only when it is "the prevailing practice in a given community" for lawyers to bill those costs separately from their hourly rates. *See Jenkins*, 491 U.S. at 286-87.

We note that there is a circuit split concerning whether expenses for computer-based legal research are compensable as "reasonable attorney's fees." The Eighth Circuit has held that "computer-based legal research must be factored into the attorneys' hourly rate, hence the cost of the computer time may not be added to the fee award." *Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319, 325 (8th Cir. 1993). No other circuit has endorsed this view, and many have expressly held that computerized research costs can, in appropriate circumstances, be recovered in addition to the hourly rates of attorneys. *See, e.g.*, *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 98 (2d Cir. 2004) ("If [the firm] normally bills its paying clients for the cost of online research services, that expense should be included in the fee award."); *InvesSys, Inc. v. Mc-Graw-Hill Cos.*, 369 F.3d 16, 22 (1st Cir. 2004) ("[C]omputer-assisted research should be . . . reimbursed under attorney's fee statutes . . . so long as the research cost is in fact paid by the firm to a third-party provider and is customarily charged by the firm to its

clients as a separate disbursement."); *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1257-58 (10th Cir. 1998) ("Reasonable expenses incurred in representing a client in a civil rights case [such as Westlaw charges] should be included in the attorney's fee award if such expenses are usually billed in addition to the attorney's hourly rate."); *see also Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004).

**[6]** We believe that the growing circuit consensus reflects the Supreme Court's treatment of litigation expenses under attorney's fee statutes. Neither tradition nor statutory usage distinguishes computer-based legal research costs from attorney's fees. *Cf. W. Va. Univ. Hosps.*, 499 U.S. at 99-100. We therefore hold that reasonable charges for computerized research may be recovered as "attorney's fees" under § 1132(g)(2)(D) if separate billing for such expenses is "the prevailing practice in the local community." *Jenkins*, 491 U.S. at 287 n.9.

## Conclusion

If fees for work performed by non-attorneys are customarily billed separately in the relevant market, those fees are recoverable as "reasonable attorney's fees" under 29 U.S.C. § 1132(g)(2)(D). Similarly, if the expenses specified by the Joint Trustees in this case are customarily billed separately, they are recoverable as "reasonable attorney's fees" under the same section. We therefore reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

**REVERSED** and **REMANDED**.