KEY BANK NATIONAL ASSOCIATION, Plaintiff,

v.

Ronald G. VAN NOY, et al, Defendants.

United States of America, Third–Party Plaintiffs,

v.

Dennis D'Annunzio, Sue Ann D'Annunzio, f/k/a Sue Ann Van Noy, and Barklen, LLC, Third–Party Defendants.

Civil Case No. 07–1076–HU.

United States District Court, D. Oregon.

Feb. 2, 2009.

Rochelle L. Stanford, Pite Duncan, LLP, El Cajon, CA, for Plaintiff.

Karin J. Immergut, United States Attorney, District of Oregon, Adam F. Hulbig, Trial Attorney, Tax Division, United States Department of Justice, Washington, DC, for Defendant United States.

Shannon Raye Martinez, Saalfeld Griggs PC, Salem, OR, for Defendant American Tower, L.P.

## ORDER

KING, District Judge:

The Honorable Dennis J. Hubel, United States Magistrate Judge, filed Findings and Recommendation on January 14, 2009. The matter is before this court. *See* 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b). No objections have been timely filed. This relieves me of my obligation to give the factual findings *de novo* review. *Lorin Corp. v. Goto & Co., Ltd.,* 700 F.2d 1202, 1206 (8th Cir.1983); *See also Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir.1983). Having reviewed the legal principles *de novo.* I find no error.

Accordingly, I ADOPT Magistrate Judge Hubel's Findings and Recommendation (# 132).

IT IS HEREBY ORDERED that American Tower's Motion for Attorney's Fees (# 117) and American Tower's Bill of Costs (# 119) are granted in part. I award attorney fees of $10,016.35 and costs of $75.00.

## FINDINGS & RECOMMENDATION

HUBEL, United States Magistrate Judge:

Defendant American Tower moves for an award of $10,453.50 in attorney's fees and $249.99 in nontaxable costs, plus an additional $5,000 in anticipated additional attorney's fees and costs for "efforts that will be spent further in resolving this case, and in post-collection proceedings." Am. Tower Memo. at p. 4. American Tower also seeks $141.60 in a separately filed Bill of Costs. I recommend that the attorney's fee motion be granted in part and denied in part, and that the cost bill be granted in part and denied in part.

This case originated when plaintiff Key Bank National Association filed claims against defendants Ronald Van Noy, the United States, American Tower, and twelve other named defendants. Plaintiff and several of the named defendants are alleged to have an interest in real property located in Yamhill County. The United States brought several cross-claims against various defendants. It also filed a third-party complaint against three third-party defendants with connections to the property, but who were not named by plaintiff in the original complaint. American Tower also brought a cross-claim for indemnification against two co-defendants.

In a September 29, 2008 Findings & Recommendation, I concluded that American Tower's motion for default judgment

against the two co-defendants named by American Tower in its cross-claim for indemnification, should be granted. Specifically, I found that American Tower was entitled to indemnification from Ronald Van Noy and Sammes Holding Company, C.L. Trust and as a result, American Tower was entitled to recover its attorney's fees and costs incurred in defending this action, jointly and severally, from Ronald Van Noy and Sammes, with the amount of fees and costs to be determined by subsequent motion in accordance with Federal Rule of Civil Procedure 54 and Local Rule 54.3. Sept. 29, 2008 F & R at p. 30.

In an October 17, 2008 Order, 2008 WL 4646045, Judge King adopted the September 29, 2008 Findings & Recommendation in its entirety. Following that Order, American Tower moved for attorney's fees and costs as noted above. Based on the Findings & Recommendation and Judge King's subsequent adoption of the Findings & Recommendation, there is no dispute that American Tower is entitled to its attorney's fees and costs incurred in defending this action. The only question for the Court is the reasonableness of the fees and costs requested.

## I. Attorney & Paralegal Fees

■ A district court possesses "considerable discretion" in determining the reasonableness of a fee award. *See Webb v. Ada County*, 195 F.3d 524, 526 (9th Cir.1999). The fee award is a combination of the number of hours reasonably worked multiplied by a reasonable hourly rate. *Id.* Even absent specific objections by the opposing party, the court has an independent duty to scrutinize a fee request to determine its reasonableness. *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993); *see also Poole v. Textron, Inc.*, 192 F.R.D. 494, 508 (D.Md.2000) (because the award must be reasonable, it is incumbent on the district court to subject the request to an independent review to "insure that

the time expended ... was not excessive to the task and [to consider] the hourly rate charged in light of fees charged in the legal community for services of like kind and quality.").

### A. Hourly Rate

■ In determining the reasonable hourly rate, the court must look at the "prevailing market rates in the relevant community[.]" *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The court determines what a lawyer of comparable skill, experience, and reputation could command in the relevant community. *Id.* at 895 n. 11, 104 S.Ct. 1541; *see also Robins v. Scholastic Book Fairs*, 928 F.Supp. 1027, 1033 (D.Or.1996) ("In setting a reasonable billing rate, the court must consider the 'prevailing market rates in the relevant community' and determine what a lawyer of comparable skill, experience, and reputation could command in the relevant community."), *aff'd*, 116 F.3d 485 (9th Cir.1997). The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir.1987).

To determine reasonable hourly rates, this Court uses the "most recent Oregon State Bar Economic Survey ... as its initial benchmark, taking into consideration any adjustment for inflation between the date the economic survey was published and the dates the legal services were performed." *Elston v. Toma*, No. CV–01–1124–KI, 2005 WL 696900, at *2 (D.Or. Mar. 24, 2005) (footnote omitted).

#### 1. Attorneys

■ Four attorneys worked on the case for American Tower. At the time he

worked on the case, Andrew Naylor had been practicing for less than one year. Martinez Affid. at ¶ 6a. He practices business and commercial litigation, and specializes in foreclosures and creditors' rights. *Id.* He charged $140 per hour for his time on the case.

· The most recent Oregon State Bar Economic Survey was published in December 2007 ("2007 Economic Survey"). It indicates that the average hourly rate for someone with zero to three years of experience, practicing in the upper Willamette Valley, is $141 per hour. Exh. 4 to Am. Tower Memo. at p. 27. Naylor's $140 per hour rate is reasonable.

■ Shannon Martinez was the lead attorney on the case for American Tower. At the time of her work on the case, she had been practicing for four to five years. Martinez Affid. at ¶ 6b. She practices business and commercial litigation, and specializes in foreclosures, creditors' rights, and real property disputes, including lease disputes. *Id.* During 2007, she charged $165 per hour, and in 2008, she charged $175 per hour.

The 2007 Economic Survey shows that the average hourly rate for someone with four to six years of experience, practicing in the upper Willamette Valley, is $159 per hour. Exh. 4 to Am. Tower Memo. at p. 27. The average hourly rate for an upper Willamette Valley business litigation attorney is $173 per hour. *Id.* at p. 29. Martinez's hourly rates are reasonable, given that they fall close to the 2007 Economic Survey average rates for attorneys practicing in her geographic area and in her specialty.

■ Attorneys Erich Paetsch and Hunter Emerick also performed work on the case. At the time of his work on the case, Paetsch had approximately eight years of experience. Martinez Affid. at ¶ 6c. He has significant expertise in foreclosure and creditors' rights. *Id.* He charged $210 per hour for his work on the case.

The 2007 Economic Survey shows that the average hourly rate for practitioners with seven to nine years of experience, who practice in the upper Willamette Valley, is $162 per hour. Exh. 4 to Am. Tower Memo. at p. 28. Again, the average hourly rate for a business litigator in the upper Willamette Valley is $173.

At the time of his work on the case, Emerick had about twenty-four years of experience. Martinez Affid. at ¶ 6d. His specialties are foreclosure and creditors' rights, as well as commercial and residential lease disputes. *Id.* He charged $230 per hour for work in 2007, and $240 per hour for work performed in 2008. *Id.*

The 2007 Economic Survey shows that the average hourly rate for practitioners with twenty-one to thirty years of experience, and practicing in the upper Willamette Valley, is $211. Exh. 4 to Am. Tower Memo. at p. 28.

Both Paetsch and Emerick performed very little work on the case. Paetsch worked only 0.3 hours on the case and Emerick worked 2.0 hours on the case. This is reflective of an efficient use of attorney time, with the attorneys who have greater experience performing a supervisory role, and attorneys with less experience, although still significant experience, performing more of the work. As such, the supervisory attorneys who contribute fewer hours to a case are generally entitled to a higher rate. *See Northon v. Rule,* 494 F.Supp.2d 1183, 1187 n. 5 (D.Or. 2007) (noting that experienced attorneys seeking a higher rate should not bill hours that exceed what would be expected from someone entitled to such higher rate). Here, while Paetsch's and Emerick's hourly rates exceed the averages for practitioners in their geographic area and for those in their specialty, I find the total amount

of fees claimed by these attorneys to be reasonable given their limited hours.

### 2. Paralegals

Seven different paralegals worked on the case, although some billed for only one or two discrete tasks on a single occasion. In her affidavit, Martinez states that her firm periodically surveys other similarly-situated law practices to determine whether the fees and costs charged by Martinez's firm are competitive with other firms. Martinez Affid. at ¶ 5. She further states that her firm also reviews fee petitions and cost bills as part of its litigation practice. *Id.* She expressly represents that the fees incurred in this matter are representative of fees and expenses customarily charged in the locality for similar legal services. *Id.*

As to legal assistants and paralegals, Martinez states that the firm, to the maximum extent possible, used such personnel in this matter to reduce fees and costs. *Id.* at ¶ 7. She states that the billing rates for legal assistants and paralegals are significantly lower than attorneys' rates. *Id.*

 Two of the paralegals appear to have two rates, depending on the task performed. Some of the time they charged $35 per hour, and other times they charged $75 per hour. Exh. 3 to Am. Tower Memo. The tasks charged at $75 per hour are as follows: calling a title company regarding leases recorded on the property (Kate Axell on July 17, 2007), drafting certificates of service (Kate Axell on March 11, 2008 and March 28, 2008), drafting a letter to the Court regarding summonses (Kate Axell on April 2, 2008), drafting a letter regarding service of summonses (Kate Axell on April 7, 2008), drafting a subservice letter and accompanying affidavit (Kate Axell on April 29, 2008). *Id.* Paralegal Lauren Swain also charged $75 per hour for drafting a letter to opposing counsel on July 12, 2007. *Id.*

Based on recent decisions in this Court, I find the $75 per hour fee for an upper Willamette Valley paralegal to be reasonable. *Institute for Wildlife Protection v. United States Fish & Wildlife Serv.,* No. CV–07–358–PK, 2008 WL 4866063, at *18 (D.Or. Nov. 5, 2008) (Order adopting Aug. 21, 2008 Findings & Recommendation) (finding $90 per hour to be reasonable for paralegal); *Valentine v. Equifax Info. Servs. LLC,* 543 F.Supp.2d 1232, 1235 n. 1 (D.Or.2008) (same).

In contrast to the above-listed tasks which required the application of certain legal knowledge and the exercise of judgment, the tasks for which the firm charged $35 per hour are secretarial in nature. *Id.* While they are too numerous to list individually, I note some by way of example: forwarding a copy of correspondence (Elizabeth Walker on July 17, 2007), finalizing letters and other documents (Holly Loewen on October 8, 2007, Kate Axell on March 11, 2008), transcribing (Jennifer Marshall on February 20, 2008, Natasha Bachelor on April 11, 2008 and June 24, 2008, Kate Axell on April 2, 2008), mailing documents (Kate Axell on April 9, 2008), scanning documents (Holley Loewen on April 9, 2008, Kate Axell on April 29, 2008), and calendaring deadlines (Kate Axell on May 7, 2008).

 Generally, secretarial-related tasks are treated as part of the attorney's overhead and are not separately billed. *See Missouri v. Jenkins,* 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them....' [The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it.'"); *In re North,* 59 F.3d 184, 195 (D.C.Cir.1995) (cost of support staff properly allocable to overhead); *Allen v. United States Steel Corp.,* 665 F.2d

689, 697 (5th Cir.1982) (paralegal costs may be recovered "only to the extent that the paralegal performs work traditionally done by an attorney"); *Gough v. Apfel*, 133 F.Supp.2d 878 (W.D.Va.2001) ("Purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as [Equal Access to Justice Act] attorney fees"); *Wermelinger v. Connecticut General Life Ins. Co.*, No. Civ. A. 3:97–CV–1100D, 1998 WL 401607, at *2 (N.D.Tex. July 15, 1998) (clerical or secretarial costs are part of an attorney's office overhead and are reflected in billing rate). I award no time for any of the $35 per hour charges.

### B. Number of Hours

 It is the fee claimant's burden to demonstrate that the number of hours spent was "reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir.1989) ("[p]laintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their [ ] claims.").

I have carefully reviewed Exhibit 3 to American Tower's Memorandum. I generally find that the attorney hours billed are reasonable. The only objection are the few instances where two attorneys billed for a conference attended by both attorneys. Conferences among attorneys are not unreasonable. In fact, productive work is often accomplished in such meetings. And, as noted above, a supervising senior attorney will need to confer with attorneys working under him or her as part of the supervisory role.

Nonetheless, it cannot be disputed *that* one attorney could have performed all the work on this case. As such, having more than one attorney involved in the case, which necessitates a certain amount of attorney conferencing, while understandable, makes it unreasonable to shift the charges for both attorneys to another party. *Institute for Wildlife Protection*, 2008 WL 4866063, at *10 ("[g]ood billing judgment requires that time spent in conference among multiple attorneys be billed to only one of those attorneys").

On July 30, 2007, both Paetsch and Martinez billed 0.3 hours for a conference and to plan strategy relating to the subordination agreement and the intervening interest of the Internal Revenue Service. Exh. 3 to Am. Tower Memo. I award the time to the more senior attorney, in this case Paetsch. On September 13, 2007, Martinez and Emerick conferred regarding the analysis of "touch and concern" issues. *Id.* Again, I award the time to the more senior attorney, in this case Emerick. Additionally, both attorneys also worked on other tasks on this date. Therefore, I deduct only 0.3 hours of Martinez's time from her total time of 1.6 hours. Finally, on February 29, 2008, Martinez and Naylor met to discuss research regarding the Internal Revenue Service. I award the time to Martinez, the more senior attorney. And, because both attorneys also worked on other tasks on this date, I deduct only 0.2 hours from Naylor's total of 2.5 hours performed on that date.

Other than these deductions, the hours expended by counsel were reasonable and should be awarded.

### II. Future, Anticipated Fees

 American Tower seeks an additional $5,000 for anticipated future fees and costs. I decline to make an award for time not yet expended and based on specu-

lation. Instead, American Tower may return to this Court with a supplemental fee motion if and when the case is concluded and it anticipates no additional fees will be incurred.

### III. Nontaxable Costs Included in Fee Motion

American Tower seeks $41.03 in postage, $170.45 in computerized research database fees, and $37.40 in long distance charges. Martinez notes that these nontaxable costs are billed to the individual clients and are not included in the firm's general overhead. Martinez Affid. at ¶ 8. The items are directly billed to the client and not by an addition to an attorney's hourly rates. *Id.*

### A. Postage

■ While in at least one prior case I denied a request for postage because I considered it overhead, *Lazarus v. Potter,* No. CV–00–1214–HU, Opinion at pp. 7–8 (D.Or. Sept. 5, 2002), a 2006 Ninth Circuit case indicates that costs for certain expenses such as electronic legal research, postage, courier services, facsimile charges, and long distance phone charges, are litigation expenses which may be recovered as part of an award of attorney's fees if "it is the prevailing practice in a given community for lawyers to bill those costs separately from their hourly rates." *Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.,* 460 F.3d 1253, 1256, 1258–59 (9th Cir. 2006).

As noted above, Martinez states in her affidavit that the fees incurred in this matter are representative of fees and expenses customarily charged in the locality for similar legal services. Martinez Affid. at ¶ 5. Although the affidavit could more specifically state that the prevailing practice is for these nontaxable costs to be billed separately, I accept Martinez's statement as adequate to support the request.

Nonetheless, I recommend that the request for postage be denied. The last two pages of Exhibit 3 to American Tower's Memorandum is a list of the various costs advanced and incurred by the firm. Exh. 3 to Am. Tower Memo. The list is chronological, and shows the date, the type of cost (*e.g.,* "Photocopy," "Postage," "Long Distance"), and the charge. *Id.* There is no explanation of what was photocopied or what was mailed.

While it might be reasonable to shift the cost of postage for mailings to the Court or to opposing counsel, it is unreasonable to shift the cost of postage to one's client, to the opposing party. I recognize that counsel could be remiss if he or she failed to adequately inform the client of the progress of the case or failed to provide copies of certain documents to the client. As such, an arrangement by which the client is charged for every mailing from the firm to the client is not inherently unreasonable. But, it is a cost which should be borne by the firm or the client and not shifted to the opposing party. Because the record supplied by American Tower fails to indicate what was mailed and to whom, I recommend that no costs for postage be awarded.

### B. Computerized Legal Research

■ I recommend that the $170.45 in computerized legal research database fees be awarded. The court in *Redland Insurance Company* expressly held that computerized legal research charges were awardable as attorney's fees when the prevailing practice in the particular legal community is to bill the charge separately from the hourly rate. 460 F.3d at 1256, 1258–59. Although a more detailed account of what issues were researched might likely be useful in some cases, here, given the nature of the litigation and the fairly small amount requested for this particular

charge, I find the total charge to be reasonable.

### C. Long Distance Charges

 As with the other nontaxable costs at issue here, *Redland Insurance Company* instructs that long distance charges may be awarded as attorney's fees when the prevailing practice in the particular legal community is to bill the charge separately from the hourly rate. *Id.* Here, given that counsel for the Internal Revenue Service was located in Washington, D.C., it is not unreasonable for American Tower to have incurred some long distance telephone charges. I recommend awarding American Tower $37.40 for such costs.

### IV. Bill of Costs

In its separately filed Bill of Costs under 28 U.S.C. § 1920, American Tower seeks $75 for service fees and $66.60 for photocopies. I recommend that the service fees be awarded, but that the photocopy costs be denied.

 As Judge Brown recently explained, "[s]ection 1920 does not contemplate an award of costs incurred for in-house copying expenses." *Teicher v. Regence Health & Life Ins. Co.,* No. CV–06–1821–BR, 2008 WL 5071679, at *11 (D.Or. Nov. 24, 2008). In contrast, photocopying charges for discovery and court copies of pleadings, motions, and memoranda are reasonably necessary for the case and are to be awarded. *Id.* Here, American Tower fails to explain the nature of the photocopying charges and thus, I cannot tell what is properly awardable and what is not. I recommend that the request for photocopying costs be denied.

### V. Calculation of Fee & Cost Award

Emerick should be awarded $466 and Paetsch should be awarded $63. Subtracting 0.2 hours from Naylor's time leaves him with 2.3 hours. Multiplying 2.3 hours by $140 per hour equals $322. For Martinez, subtracting 0.6 from her time in 2007 (0.3 on July 30, 2007, and 0.3 on September 13, 2007), leaves her with 19 hours for 2007. Multiplying 19 by $165 per hour equals $3,135. Her time for 2008 was 32.2 hours at $175 per hour, for a total of $5,635. I recommend that Martinez be awarded $8,770. Thus, the total award for the attorneys should be $9,621.

For the paralegals, I recommend that Kate Axell be awarded 2.2 hours at $75 per hour, or $165, and that Lauren Swain be awarded 0.3 hours at $75 per hour, or $22.50. There is no award for the time spent by the other five paralegals because, as explained above, the tasks performed were all secretarial in nature and have been disallowed. Thus, the total award for the paralegals should be $187.50.

I further recommend that $170.45 for computerized legal research and $37.40 in long distance charges, for a total of $207.85 in nontaxable costs, be awarded.

Finally, I recommend that $75 be awarded as a cost under section 1920.

### CONCLUSION

I recommend that American Tower's motion for attorney's fees (# 117) be granted in part and denied in part and that American Tower be awarded $10,016.35. I further recommend that American Tower's Bill of Costs (# 119) be granted in part and denied in part and American Tower be awarded $75.

### SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due January 29, 2009. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due February 12, 2009, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 14th day of January, 2008.