FILED

AUG 31 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LOGTALE, LTD., a British Virgin Islands corporation,

Plaintiff-Appellant,

v.

IKOR, INC., a South Dakota corporation; et al.,

Defendants-Appellees.

No. 16-15376

D.C. No. 3:11-cv-05452-EDL
Northern District of California,
San Francisco

ORDER

LOGTALE, LTD., a British Virgin Islands corporation,

Plaintiff-Appellee,

v.

JAMES CANTON, Dr.,

Defendant-Appellant,

and

IKOR, INC., a South Dakota corporation and ROSS W. TYE, Dr.,

Defendants.

No. 16-16530
16-17127

D.C. No. 3:11-cv-05452-EDL

| | |
|---|---|
| LOGTALE, LTD., a British Virgin Islands corporation,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>IKOR, INC., a South Dakota corporation and ROSS W. TYE, Dr.,<br><br>        Defendants-Appellants,<br><br> and<br><br>JAMES CANTON, Dr.,<br><br>        Defendant. | No.   16-16624<br>       16-17128<br><br>D.C. No. 3:11-cv-05452-EDL |

| | |
|---|---|
| LOGTALE, LTD., a British Virgin Islands corporation,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>JAMES CANTON, Dr.; et al.,<br><br>        Defendants-Appellees. | No.   16-16656<br><br>D.C. No. 3:11-cv-05452-EDL |

Before:  BERZON and FRIEDLAND, Circuit Judges, and SESSIONS,[*] District Judge.

---

     [*]    The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Judge Berzon and Judge Friedland have voted to deny the petition for rehearing en banc. Judge Sessions recommends denial of the petition for rehearing en banc. The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. The petition for rehearing en banc is DENIED.

Pursuant to Federal Rule of Appellate Procedure 40(a), the panel hereby GRANTS James Canton's petition for panel rehearing. The memorandum disposition dated March 28, 2018 is withdrawn. A new memorandum disposition is filed concurrently with this order.

Subsequent petitions for panel rehearing or rehearing en banc may be filed.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 31 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOGTALE, LTD., a British Virgin Islands corporation, | No. 16-15376 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-05452-EDL |
| v. | MEMORANDUM[*] |
| IKOR, INC., a South Dakota corporation; et al., | |
| Defendants-Appellees. | |

| | |
|---|---|
| LOGTALE, LTD., a British Virgin Islands corporation, | No. 16-16530 16-17127 |
| Plaintiff-Appellee, | D.C. No. 3:11-cv-05452-EDL |
| v. | |
| JAMES CANTON, Dr., | |
| Defendant-Appellant, | |
| and | |
| IKOR, INC., a South Dakota corporation and ROSS W. TYE, Dr., | |
| Defendants. | |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| LOGTALE, LTD., a British Virgin Islands corporation, | No. 16-16624 |
| | 16-17128 |
| Plaintiff-Appellee, | D.C. No. 3:11-cv-05452-EDL |
| v. | |
| IKOR, INC., a South Dakota corporation and ROSS W. TYE, Dr., | |
| Defendants-Appellants, | |
| and | |
| JAMES CANTON, Dr., | |
| Defendant. | |

| LOGTALE, LTD., a British Virgin Islands corporation, | No. 16-16656 |
| | D.C. No. 3:11-cv-05452-EDL |
| Plaintiff-Appellant, | |
| v. | |
| JAMES CANTON, Dr.; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Argued and Submitted November 15, 2017
San Francisco, California

2

Before: BERZON and FRIEDLAND, Circuit Judges, and SESSIONS,** District Judge.

This case arises from a $5 million investment that Logtale made in IKOR after IKOR's founders, Dr. James Canton and Dr. Ross Tye, claimed to have developed a new biotechnology. Logtale lost its $5 million after what it alleged was the mishandling of that investment. Logtale sued 1) IKOR, Canton, and Tye for breach of contract; 2) IKOR for breach of implied covenant to deal in good faith; and 3) Canton and Tye for breach of fiduciary duty. The case went to trial, and the jury awarded $4 million in compensatory damages against the various Defendants on each of the claims and $1 million in punitive damages against Canton and Tye.[1]

After trial, Defendants moved to strike punitive damages on the ground that

___

** The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

[1] As we note in the concurrently filed order, the appeals as they relate to Tye are dismissed pursuant to his discharge from bankruptcy under 11 U.S.C. § 727. *See In re Eber*, 687 F.3d 1123, 1128 (9th Cir. 2012) ("If and when a debtor is granted discharge, . . . § 362's automatic stay dissolves and is replaced by a permanent injunction under § 524."); *see also* 11 U.S.C. § 524(a)(1)-(2) (stating that a discharge under Section 727 "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor" and "operates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any such debt as a personal liability of the debtor"). For convenience, however, when discussing events in the district court and arguments made on appeal, this memorandum disposition refers to Defendants collectively.

there was insufficient evidence of their financial condition, and the court granted this motion. Logtale appealed.

Defendants then moved for judgment as a matter of law and/or a new trial on the grounds that the jury instructions on damages were erroneous, the awards of compensatory damages were duplicative, and there was insufficient evidence to support the compensatory damages awards. Logtale also moved for attorney's fees and costs. In the same order, the district court granted in part and denied in part Defendants' motion for judgment as a matter of law and/or a new trial, concluding that the compensatory awards were duplicative and thus reducing them but rejecting Defendants' other arguments. The district court also awarded Logtale fees and costs.

Defendants appealed from that order and from the judgment on the ground that the court erred in granting a number of Logtale's motions in limine at trial. Logtale also appealed, challenging the decision to reduce compensatory damages.

1. "To reverse on the basis of an evidentiary ruling," the panel must determine that the district court committed an error and that the error was prejudicial. *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003). Defendants contend that the district court prejudicially erred in granting Logtale's motions in limine. Specifically, they argue that the excluded evidence was relevant because it impeached Norman Wai, Logtale's founder, and Bing Wong,

4

Wai's acquaintance, by showing their bias.

Here, even if Defendants could show error, they cannot show prejudice. "A reviewing court should find prejudice only if it concludes that, more probably than not, the lower court's error tainted the verdict." *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 688 (9th Cir. 2001). Here, the jury certainly knew that Wai was biased—he was Logtale's founder. And even if the jury had believed that Wai's and Wong's testimony should be entirely disregarded because of bias, the documentary evidence and the testimony of Canton and Tye themselves provide ample support for the jury's verdict. We therefore cannot conclude that the jury's verdict was tainted by the exclusion of the evidence challenged on appeal. We thus AFFIRM the district court's decision to grant Logtale's motions in limine.

2. Defendants contend there were a number of errors in the jury's awards of compensatory damages, but we are not persuaded.

Defendants first contend that the jury instructions on compensatory damages were erroneous. But Defendants stipulated to the jury instructions and therefore affirmatively waived any objection. *See Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1493 (9th Cir. 1986). We therefore AFFIRM the district court's decision to deny Defendants' motion for judgment as a matter of law on this ground.

Defendants also argue, and the district court agreed, that the jury's awards of

5

compensatory damages were duplicative and not supported by the evidence. We

disagree. Although a failure to make a Rule 50(a) motion normally forecloses a

Rule 50(b) motion, we review Defendants' Rule 50(b) challenge to the jury's

verdict on the sufficiency of the evidence for plain error. *E.E.O.C. v. Go Daddy*

*Software, Inc.*, 581 F.3d 951, 961-62 (9th Cir. 2009) (applying plain error despite

the absence of a Rule 50(a) motion).[2] We reverse a jury verdict for plain error

"only if such plain error would result in a manifest miscarriage of justice." *Go*

*Daddy Software, Inc.*, 581 F.3d at 961 (quoting *Janes v. Wal-Mart Stores, Inc.*, 279

F.3d 883, 888 (9th Cir. 2002)).

Logtale often presented the same facts to support its various claims. But

when asked by the district court, the jury specifically explained that it intended

these amounts to be cumulative (i.e., a total of $4 million). The jury could have

concluded—and, given that its damages figures make more sense as fractions of a

whole than as independent figures, likely did conclude—that damages for each

claim were the same, and that the amount should be distributed among the various

claims so as to avoid duplicative damages. Alternatively, the jury might have

considered the evidence and allocated the aggregate harm caused by the

---

[2] Logtale argues that the panel should decline altogether to review Defendants' Rule 50(b) arguments. We need not evaluate Logtale's support for that position, however, because even reviewing for plain error, Defendants' Rule 50(b) arguments fail.

Defendants in a way that provided independent support for each claim.[3]  For example, the jury could have treated Defendants' failure to provide financial statements as a breach of contract; the payment of consulting fees to Tye and Canton as a breach of fiduciary duty; and the removal of Wai from the board as a breach of good faith.  Either way, the damages assessed could reasonably have been grounded in the evidence, nonduplicative, and not excessive.

Therefore, we REVERSE the district court's decision to grant in part Defendants' motion for judgment as a matter of law because the damages were not clearly duplicative.  We also AFFIRM the district court's denial of Defendants' motion for judgment as a matter of law with respect to Defendants' argument that there was insufficient evidence to support the awards.  As a result, the jury's awards of compensatory damages against IKOR and Canton are reinstated.[4]

3.  A Rule 52(b) motion is not appropriate in a jury trial.  *See* 9C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2571 (3d ed. 2017).  Therefore, although Defendants labeled their motion to strike punitive damages for lack of evidence as a Rule 52(b) motion, we construe it as a Rule

---

[3] Defendants argue that such an action by the jury would violate the jury instructions, but they cite nothing in the jury instructions prohibiting such an allocation, nor do they cite any persuasive authority on this point.

[4] Because Tye was discharged from bankruptcy, and because the compensatory damages awards were not joint and several, the award of compensatory damages against Tye is not reinstated.

7

50(b) motion. *See, e.g.*, *Andersen v. United States*, 298 F.3d 804, 807 (9th Cir. 2002) ("The substance of the motion, not its form, controls its disposition."); *see also* Fed. R. Civ. P. 50(a) (stating that judgment as a matter of law is appropriate if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue"). Because Defendants did not raise their argument in a Rule 50(a) motion, we review the jury's award of punitive damages for plain error. *Go Daddy Software, Inc.*, 581 F.3d at 961-62.[5]

We agree with Defendants that California law requires something more than a showing of profits and that Logtale did not make the requisite showing. But we decline to reverse the jury's punitive damages verdict for plain error here because Defendants have not shown a manifest miscarriage of injustice. *Go Daddy Software, Inc.*, 581 F.3d at 961. Logtale may well have been able to present evidence supporting the punitive damages award had Defendants filed a Rule 50(a) motion in a timely fashion. The amount of punitive damages awarded was relatively modest, and Defendants' history of business ventures suggests, though it does not prove, the ability to pay that amount. Therefore, we REVERSE the district court's decision to strike punitive damages and reinstate the award of

---

[5] As previously noted, we decline to reach Logtale's argument that a Rule 50(b) motion is completely foreclosed by a failure to make a Rule 50(a) challenge to sufficiency of the evidence. *See supra* note 2.

punitive damages against Canton.[6]

4. Section 1717 of the California Civil Code allows for recovery of attorney's fees provided for by contract. Here, only the Stock Purchase Agreement ("SPA") contained a fees provision. Canton did not sign the SPA, and he is therefore not liable for attorney's fees. IKOR, however, did sign the SPA. Even though the jury did not specifically find that the SPA was breached, given the close and express connection specified in the SPA between the contracts and the expansive language of the fees provision which allowed for recovery of a prevailing party's fees and costs incurred to "enforce[e] any right of such prevailing party under or with respect to this Agreement," it does not matter which of the contracts the jury believed had been breached. IKOR is liable for fees and costs.

IKOR is also liable for the entirety of the non-taxable expenses awarded by the district court. Non-taxable expenses may properly be included in an attorney's fees award. *See Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006) ("'[R]easonable attorney's fees' include litigation expenses only when it is 'the prevailing practice in a given community' for lawyers to bill those costs separately from their hourly rates."

---

[6] Because Tye was discharged from bankruptcy, and because the punitive damages awards were not joint and several, the award of punitive damages against Tye is not reinstated.

9

(quoting *Missouri v. Jenkins*, 491 U.S. 274, 286-87 (1989))). Defendants argue, however, that Logtale is not entitled to any award based on such expenses because Logtale provided no documentary evidence to support such an award. This argument is not persuasive, because Logtale did provide such documentation. Therefore, we AFFIRM the district court's award of attorney's fees and costs against IKOR and REVERSE the district court's award of attorney's fees and costs against Canton.

**All appeals with respect to Tye are DISMISSED. The decision to strike punitive damages at issue in Appeal No. 16-15376 is REVERSED and punitive damages against Canton are reinstated. The decision to grant Logtale's motions in limine and the decision to deny in part Defendants' motion for judgment as a matter of law at issue in Appeal No. 16-16530 are AFFIRMED. The decision to grant in part Defendants' motion for judgment as a matter of law at issue in Appeal No. 16-16656 is REVERSED and the compensatory damages awards against IKOR and Canton are reinstated. The decision to grant Logtale fees and costs at issue in Appeal No. 16-17127 is AFFIRMED in part and REVERSED in part, and IKOR, but not Canton, is liable for fees and costs.**

**Costs on appeal in each of these Appeals are taxed against Defendants IKOR and Canton.**

10